32 N.J. Super. 323 (1954)
108 A.2d 299
VINCENT D'AGATA, PLAINTIFF-APPELLANT,
v.
HARVEY L. LARSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1954.
Decided October 8, 1954.
*324 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Frank M. Lario argued the cause for plaintiff-appellant.
Mr. Barney B. Brown argued the cause for defendant-respondent.
The opinion of the court was delivered by GOLDMANN, J.A.D.
Plaintiff argues two points on this appeal: (1) the trial court erred in permitting an expert witness to testify for defendant where the name and address of such expert was not given in defendant's answer to interrogatories; and (2) the verdict was contrary to the trial court's instructions.
Plaintiff and defendant had entered into a written contract whereby plaintiff undertook to build a home for defendant in accordance with the accompanying plans and specifications for the sum of $14,000. The house was built and the agreed price paid. Plaintiff claims that during the course of the construction defendant requested him to do certain extra work on the project, and he thereupon proceeded to do such work at a cost of $1,052.36. Defendant having refused to pay this sum, plaintiff instituted this action demanding judgment for $1,052.36 as the reasonable value of the extra work performed, together with interest and costs. Defendant answered denying the allegations of the complaint and, in turn, counterclaimed for defects and omissions in the construction of the house. Briefly, these involved defective work on the fireplace, kitchen sink, formica top, utility and powder room floors, and some plastering, and failure to provide trim around a trap door, a louvre in the utility room ceiling, and flashings around 15 windows.
*325 We are provided with an extremely abbreviated record of the trial proceedings; only part of the testimony of two witnesses is set out in the Appendix  that of plaintiff and of defendant's expert witness, Taylor. Defendant did not dispute four of the items in plaintiff's list of extra work. Taylor testified as to the defective and omitted work, and the cost of making good each of the deficiencies, the total being $1160. After reviewing some of the evidence, the trial judge directed the jury to make a determination upon both plaintiff's claim and defendant's counterclaim and to bring in two separate verdicts which the court would then mold into one judgment in accordance with the jury's determinations.
When defendant called Taylor as his expert witness, plaintiff's attorney objected to his testifying because his name and address had not been provided in answer to interrogatories. Plaintiff had propounded the following interrogatory:
"34. Set forth specifically the names and addresses of all persons who have any knowledge or pertinent information directly or indirectly concerning this claim, the defense or the contemplated trial."
The answer given by defendant was:
"Defendant, Mrs. Larson, A. Giordano and Mrs. Giordano and such expert witnesses who may be called to examine the property or to give estimates."
When defendant's attorney explained that he did not get Taylor until only two days before, the trial judge observed that he was duty-bound to disclose the name to plaintiff. However, he denied plaintiff's motion and allowed Taylor to testify.
Some preliminary observations are in order. Issue was joined when plaintiff filed his answer to the counterclaim on October 2, 1953. R.R. 4:28 calls for the completion of discovery proceedings within 90 days of the date of issue joined, unless for good cause shown the period is extended *326 by order of court. Further use of discovery proceedings is permitted, on order of the court, either before or after entry of judgment. Discovery proceedings were not initiated within the 90-day period, and plaintiff sought no court order. Instead, he first served his interrogatories on the date of the pretrial conference, January 6, 1954. Ordinarily, discovery proceedings are to be completed before the pretrial conference. See R.R. 4:28 and 4:29-2. The pretrial order entered on January 6, 1954 makes no mention of discovery proceedings or of leave granted to make any further use of such proceedings. See R.R. 4:29-1(b) (8).
Defendant did not serve his answers to interrogatories until the very date of the trial, February 17, 1954. Such was the representation made by counsel for appellant at the argument before us, with no express denial of that fact by counsel for respondent except for an observation that he thought he might have served the answers shortly before the trial. Although R.R. 4:23-6 required him to serve such answers within 15 days after January 6 "unless the court, on motion and notice and for good cause shown," enlarged or shortened the time, there was no such motion, notice, good cause shown, or court order. Except for the motion made when Taylor took the witness stand, plaintiff addressed no motion to the belated answers to interrogatories.
The irregular course of procedure followed by counsel in this case completely ignored the extraordinary importance ascribed by our Supreme Court to the pretrial order and its antecedent discovery techniques under our modern procedural scheme. See the introduction to Supreme Court Manual of Pretrial Practice (1952), which reflected the best thinking of the bench and bar of New Jersey in the light of four years' experience with the rules relating to discovery and pretrial procedure, and which led to the adoption of former Rules 3:16-1 to 3:16-46, now R.R. 4:16-1 to 4:29-7. As was pointedly said in Schlossberg v. Jersey City Sewerage Authority, 15 N.J. 360, 371 (1954):
"Among the express aims of the manual and of the conferences was to emphasize the significant part which discovery and pretrial *327 practice play in our modern civil procedure and the important change effected by them from our practice under the former court system. Their role in the attainment of the just and proper disposition of an action is not less, but if anything more, important than that of the trial itself, and bench and bar share jointly the responsibility to govern the prosecution of the action accordingly."
Plaintiff, in propounding his interrogatories, failed to make proper use of the liberal pretrial discovery procedure permitted under the rules. He took no action whatsoever when defendant did not serve his answers within time. Nor did he manifest any interest in determining just who the persons mentioned in the 34th interrogatory  those having "any knowledge or pertinent information directly or indirectly concerning this claim, the defense or the contemplated trial"  might be. He may not complain now.
We do not, therefore, determine the question as to whether plaintiff may, by way of interrogatory, require defendant to reveal the name of the expert witness or witnesses upon whom he intends to rely. On this question, see Schnitzer and Wildstein, N.J. Rules Serv., A-IV-449-451 (discussion of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947  decided prior to the adoption of the New Jersey rules), and the proposed amendment to Federal Civil Rule 30(b) recommended by the Advisory Committee on Rules of Federal Civil Procedure in its Final Report of June 1946, not adopted by the United States Supreme Court, but whose language was adopted practically verbatim in our Rule 3:16-2, now R.R. 4:16-2); Ibid., pp. 453, 457-8, 461-2; cf. 4 Moore, Federal Practice (2nd ed.), § 26.24, p. 1152 et seq.; and see 5 F.R.D. 403, 406 (remarks of Hon. George Wharton Pepper at the Discovery Symposium (1946), on the proposed amendment to Federal Civil Rule 30(b)). Cf. also, Gibilterra v. Rosemawr Homes, Inc., 32 N.J. Super. 315 (App. Div., Oct. 1954), just decided; Abbatemarco v. Colton, 31 N.J. Super. 181 (App. Div. 1954).
We turn to plaintiff's second contention that the jury verdict was contrary to the instructions given by the court. *328 When the jury returned from its deliberations, the foreman announced that the jury was unanimous in its decision of no cause of action on the complaint, and in awarding defendant $446 on his counterclaim. The following then took place:
"THE COURT: Mr. Foreman, your report to the Clerk on the main case is a verdict in favor of the defendant, Harvey L. Larson, and against the plaintiff Vincent D'Agata, no cause of action.
THE FOREMAN: Yes, sir.
THE COURT: On the counterclaim, you report a verdict in favor of the defendant on the counterclaim and against the plaintiff for $446.00.
THE FOREMAN: Repeat that please.
THE COURT: You find a verdict in favor of the defendant on his counterclaim and against the plaintiff of $446.00.
THE FOREMAN: The defendant on the counterclaim is  (interrupted).
THE COURT: Mr. Larson. Mr. Larson should recover against Mr. D'Agata  (interrupted).
THE FOREMAN: $446.00.
THE COURT: That is right, sir. You have taken into consideration in arriving at that verdict the credit for the amount he admitted he owed.
THE FOREMAN: We feel we have awarded him $870.00, sir.
THE COURT: And that you set off against that, the credit. So that the verdict may be no cause of action in favor of the defendant and against plaintiff on the main case, and a verdict on the counterclaim in favor of the defendant and against the plaintiff in the sum of $446.00.
THE FOREMAN: That is right."
It is entirely clear that the jury had decided defendant was entitled to $870 on his counterclaim, but had set off the $424 which defendant admitted he owed plaintiff for certain work he had done. The stated figure of $870 reflects the cost of correcting the defective or omitted work set out in the counterclaim, except that the jury, in its judgment, fixed the cost of replacing the defective fireplace at $500  the figure mentioned in the pretrial order  instead of $800, as claimed by defendant. Despite the form of the verdicts, there can be no question that the jury had, in its deliberations, decided plaintiff was entitled to $424 and defendant to $870, but had mistakenly performed a calculation which *329 resulted in its verdict of no cause of action on plaintiff's claim and only $446 on defendant's counterclaim.
This court will mold the judgment to accord with the determination clearly arrived at by the jury. R.R. 1:5-4 and 2:5. The terms of the judgment below will be modified to award plaintiff $424 on his complaint and defendant $870 on his counterclaim. As modified, the judgment is affirmed without costs.