10 N.J. Super. 45 (1950)
76 A.2d 263
WILLIAM EVTUSH, SR., ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF WILLIAM EVTUSH, JR., DECEASED, PLAINTIFF-APPELLANT,
v.
THE HUDSON BUS TRANSPORTATION CO., INC., A CORPORATION, GEORGE R. MEYER AND JAMES HADDON, DEFENDANTS-RESPONDENTS. THELMA G. BEASLEY, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF CONNELL BEASLEY, DECEASED, AND THELMA G. BEASLEY, GENERAL ADMINISTRATRIX OF THE ESTATE OF CONNELL BEASLEY, DECEASED, PLAINTIFF-APPELLANT,
v.
THE HUDSON BUS TRANSPORTATION CO., INC., A CORPORATION, GEORGE R. MEYER AND JAMES HADDON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 1950.
Decided November 1, 1950.
*47 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Meyer Pesin argued the cause for appellants (Mr. Hiram Elfenbein, on the brief).
Mr. Reynier J. Wortendyke, Jr., argued the cause for respondents (Messrs. Wortendyke & Leonard, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
These cases were tried together in January, 1950, in the Hudson County Court, Law Division, and in each case a judgment of no cause of action was entered in favor of defendants upon jury verdict. The question presented is whether the trial court erred in admitting, over objection of the plaintiffs, the testimony of defense witnesses whose names were not divulged in defendants' answer to interrogatories.
These death actions arose out of a collision between a motorcycle and a bus, which occurred on October 20, 1946, at about 9:30 P.M. on County Road, Secaucus. A bus owned by defendant Hudson Bus Transportation Co. and driven by defendant George R. Meyer, and a motorcycle driven by decedent Connell Beasley, on which decedent William Evtush, Jr., was riding, were proceeding in a northerly direction, and another bus owned by defendant Hudson Bus Transportation Co. and driven by defendant James Haddon was proceeding in a southerly direction, when the motorcycle and the southbound bus collided as the motorcycle was passing or attempting to pass the northbound bus. Connell Beasley and William Evtush, Jr., were killed instantly in the collision. Both actions charged that the deaths were caused by the negligence of the defendants.
The Evtush suit was first tried on March 1, 1948, and resulted in a nonsuit at the end of the plaintiff's case. Shortly thereafter, the Evtush action was reinstituted.
The Beasley suit was first tried on April 5, 1949, and resulted in a dismissal at the end of the plaintiff's case. The *48 judgment of the County Court in the Beasley case was reversed and a new trial ordered. Beasley v. The Hudson Bus Transportation Co., Inc., 5 N.J. Super. 181 (App. Div. 1949).
In January, 1949, attorneys for plaintiffs served the defendants with interrogatories and defendants' answer was served on February 4, 1949. The interrogatories demanded: "State the name or names and address or addresses of any witnesses to the accident in which defendants were involved and upon whom said defendants intend to rely." Defendants George R. Meyer and James Haddon answered: "We are two of the defendants in the above entitled action named, have read the interrogatory propounded by the plaintiff to the defendants therein, have personal knowledge of the facts to which said interrogatory relates, and are authorized to make and verify the answer thereto. We were eye-witnesses to the occurrence to which the interrogatory refers and we intend to rely upon our testimony on the trial of this case. We do not, however, know what, if any, other witnesses there were to the occurrence referred to, nor do we know upon whom, if anyone, in addition to ourselves, our attorney intends to rely." At the oral argument, counsel for defendants conceded that the answer to the interrogatory as made by Meyer and Haddon was intended to bind all the defendants.
Interrogatories are authorized by Rule 3:33, which provides: "* * * any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation * * * by any officer or agent, who shall furnish such information as is available to the party. * * * The interrogatories shall be answered separately and fully in writing under oath. * * * Interrogatories may relate to any matters which can be inquired into under Rule 3:26-2 * * *." The latter Rule, in describing the permissible scope of examination, provides that "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject *49 matter involved in the pending action * * * including * * * the identity and location of persons having knowledge of relevant facts."
The interrogatory propounded is somewhat ambiguous. Standing alone, it leaves in doubt whether the demand is for the names and addresses of any witnesses to the accident known to the defendants, and also the names of such of these witnesses upon whom the defendants intend to rely, or merely for the names and addresses of the witnesses to the accident upon whom the defendants intend to rely. However, the answer of the defendants, "We do not, however, know what, if any, other witnesses there were to the occurrence referred to, nor do we know upon whom, if anyone, in addition to ourselves, our attorney intends to rely," shows clearly that the defendants construed the demand as being a demand for the names and addresses of witnesses to the accident and a further demand for the names and addresses of such of these witnesses upon whom the defendants intended to rely.
Under our Rules, the plaintiffs had the right to make their first demand, namely, for the names and addresses of witnesses to the accident, and were entitled to a full and truthful answer disclosing such names and addresses as were known to the defendants at the time of the answer. Schwartz v. Public Service Coordinated Transport, 64 A.2d 477 (Essex Cty. Ct. 1949), not officially reported; cf. cases construing the comparable federal rule gathered under Federal Rules Service, Findex 33.316. Our conclusions are based solely on the plaintiffs' first demand and the defendants' answer thereto. No question as to the plaintiffs' right to make their second demand, namely, for the names and addresses of the witnesses to the accident upon whom the defendants intend to rely, is before us and therefore we express no opinion thereon. See Rules 3:33 and 3:30-2; compare McNamara v. Erschen, 8 F.R.D. 427, 12 F.R.S. 395 (D. Del. 1948), with Kling v. Southern Bell Telephone & Telegraph Co., 9 F.R.D. 604, 13 F.R.S. 596 (S.D. Fla. 1949); see cases gathered in Federal Rules Service, Findex 26b.22.
*50 At the trial the defendant James Haddon testified that he took the names and addresses of a few passengers in his bus at the time of the collision and turned them over to the corporate defendant. On their case the defendants called Howard Barker as a witness. As soon as it appeared that Barker had been a passenger on one of the busses on the evening of the collision, the plaintiffs' attorney objected to further testimony by Barker or any other witness to the accident called by the defendants whose name was not divulged in the answer to interrogatories, until plaintiffs were given opportunity to cross-examine as to how and when the defendants got the name of the witness; and further objected to the admission of testimony by Barker or any other witness to the accident called by the defendants whose name was not divulged in the answer to interrogatories, if it appeared that the defendants had the name of the witness to the accident at the time of answering the interrogatories. The court below overruled this objection. Defendants later called James Bischoff as a witness. Bischoff testified that he was a passenger in the defendants' bus at the time of the collision and gave testimony concerning it. On cross-examination, Bischoff admitted that he gave his name and address to the bus driver after the accident. Plaintiffs' attorney objected to the admission of the testimony of this witness on the ground that it appeared that the defendants had his name and address when the interrogatories were answered and had failed to divulge it, but his objection was overruled. Both witnesses Barker and Bischoff gave testimony prejudicial to the plaintiffs.
The purpose of the broad discovery provided under our new Rules is well stated in the comment to Rule 3:26-1 in the Tentative Draft of the Rules: "a party is given a wide latitude in securing such discovery as he may need concerning the details of the evidence so that the outcome of the case will depend less upon surprise testimony and the maneuverings of counsel and more upon the merits of the issues." If the defendants, in their answer, had divulged the names of the known witnesses to the accident, the plaintiffs would have *51 had an opportunity before trial (1) to investigate their background in order to discover any discrediting matter which might exist, (2) to learn their version of the collision, and (3) to ascertain from them the names and addresses of any other witnesses to the accident known to them. In failing to disclose the names and addresses of the witnesses to the accident which were known to them at the time of the answer to the interrogatory, the defendants not only failed to comply with the obligation imposed upon them by our Rules, but also deprived the plaintiffs of substantial rights.
Since the answer stated that Meyer and Haddon were the only witnesses to the accident then known to the defendants, the plaintiffs had the right to go to trial relying on the inability of the defendants to produce any witness to the accident known to them at the time the answer was made, other than Meyer and Haddon. The court below, in permitting the defendants to introduce testimony of such undisclosed witness at the trial, committed error injuriously affecting the substantial rights of the plaintiffs. In fact, the plaintiffs found themselves in a worse plight than under our former Rules. While, under our former Rules, the plaintiffs did not have the right to demand from the adverse party the names and addresses of witnesses, they still had a measure of protection in the event of surprise witnesses for the defense, in their right to submit to a voluntary nonsuit and later reinstitute the suit (R.S. 2:27-235; Malone v. Erie R.R. Co., 90 N.J.L. 350 (Sup. Ct. 1917)), thus preserving the opportunity to investigate the background of the surprise witnesses to discover any discrediting matter which might exist. This protection is no longer available under our present Rules (Rules 3:41-1, 3:41-2).
A trial court has a duty to protect the substantial rights of the parties, and although our new Rules provide no explicit penalty for an untrue answer to an interrogatory, we think the court has implicit power to impose such penalty as the circumstances of the particular case warrant, in order to insure that substantial justice will be done. Cf. Rule *52 3:37, Refusal To Make Discovery: Consequences. Because of the action taken by the court, the defendants never had an opportunity to prove any extenuating circumstances which might exist  such as mistake, inadvertence, excusable neglect, or honest misunderstanding. Regardless of extenuating circumstances, however, the plaintiffs were at least entitled to the declaring of a mistrial.
The judgments are reversed and new trial granted.