WILLIAM EVTUSH, Sr., ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF WILLIAM EVTUSH, Jr., DE-
CEASED, PLAINTIFF-RESPONDENT, v. THE HUDSON
BUS TRANSPORTATION CO., INC., A CORPORATION,
GEORGE R. MEYER AND JAMES HADDON, DEFEND-
ANTS-APPELLANTS.

THELMA G. BEASLEY, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF CONNELL BEASLEY, DE-
CEASED, AND THELMA G. BEASLEY, GENERAL AD-
MINISTRATRIX OF THE ESTATE OF CONNELL BEAS-
LEY, DECEASED, PLAINTIFF-RESPONDENT, v. THE
HUDSON BUS TRANSPORTATION CO., INC., A COR-
PORATION, GEORGE R. MEYER AND JAMES HADDON,
DEFENDANTS-APPELLANTS.

Argued April 23, 1951—Decided May 21, 1951.

Mr. *Isidor Kalisch* argued the cause for the appellants (*Mr. Reynier J. Wortendyke, Jr.*, attorney).

Mr. *Meyer Pesin* argued the cause for the respondents.

The opinion of the court was delivered by

ACKERSON, J. The basic question presented by this joint appeal is whether there was trial error in admitting, over the objection of the plaintiffs' attorney, the testimony of defense witnesses whose names were known but not disclosed in response to an interrogatory soliciting the names and addresses of witnesses to the accident involved in the litigation.

These cases are death actions which arose out of the following occurrence: On October 20, 1946, William Evtush and Connell Beasley were riding together on the latter's motorcycle and while attempting to pass a bus owned by the defendant, The Hudson Bus Transportation Co., Inc., which was going in the same direction, they collided with another bus of the same company proceeding in the opposite direction, resulting in the instant death of both motorcyclists. Their representatives, acting through the same attorneys, brought these separate actions against the bus company and the two individual defendants who were the drivers respectively of the buses involved in the unfortunate accident.

The Evtush case was first tried on March 1, 1948, in the former Hudson County Court of Common Pleas and resulted in a non-suit at the end of the plaintiff's case. It was later reinstituted. In January, 1949, which was after the aforementioned trial of the Evtush case but before the trial of the Beasley case, the attorneys for Beasley (who were the same as in the Evtush case) served upon the defendants an interrogatory, pursuant to *Rules* 3:33 and 3:26–2, demanding the following information:

"State the name or names and address or addresses of any witnesses to the accident in which defendants were involved and upon whom said defendants intend to rely."

The answer thereto gave only the names and addresses of the individual defendants, Meyer and Haddon—the bus drivers—as witnesses to the accident, and their joint affidavit attached thereto stated as follows:

"We are two of the defendants in the above entitled action named, have read the interrogatory propounded by the plaintiff to the de-

fendants therein, have personal knowledge of the facts to which said interrogatory relates, and are authorized to make and verify the answer thereto. We were eye-witnesses to the occurrence to which the interrogatory refers and we intend to rely upon our testimony on the trial of this case. We do not, however, know what, if any, other witnesses there were to the occurrence referred to, nor do we know upon whom, if anyone, in addition to ourselves, our attorney intends to rely."

While the foregoing interrogatory was addressed to the corporate defendant as well as the two individual defendants, and apparently was answered only by the latter, nevertheless, it is conceded that the answer was intended to bind all of the defendants.

The Beasley case was subsequently tried in April, 1949, and resulted in a dismissal at the end of the plaintiff's case. This judgment was reversed by the Appellate Division and a new trial ordered (5 *N. J. Super.* 181 (1949)). Thereafter, in November, 1949, the two cases were consolidated for the purpose of trial and they were tried together in the Hudson County Court, Law Division, in January, 1950.

At the trial of the consolidated cases the defendant, James Haddon, testified that he took the names and addresses of a few passengers who were in his bus at the time of the accident and turned them over to the corporate defendant. Besides the two bus drivers themselves, the defendants called two additional eye-witnesses of the occurrence. One, Howard Baker, testified he was a passenger in one of the buses, whereupon, plaintiffs' attorney objected to further testimony "* * * of this witness or any other witness of the defendants * * * to the accident * * * unless I be permitted to cross examine as to how and when they got his name, and if it appears that they had gotten it prior to the interrogatories in question, I am going to object to the introduction of any testimony by this or any other witness on behalf of the defense." Without further comment the trial judge immediately said, "I will overrule your objection." The other witness above referred to was Julius Bischoff, a passenger in the bus which collided with the motorcycle. When it appeared that he had

given his name and address to the driver after the accident, the plaintiffs' attorney objected to the admission of his testimony on the ground that it appeared the defendants had his name and address when answering the interrogatory and had failed to divulge it, but this objection also was overruled. Both of these witnesses gave testimony prejudicial to the plaintiffs.

The cases went to the jury and a unanimous verdict of no cause of action was returned in each case in favor of all defendants. From the judgments entered on these verdicts, both plaintiffs appealed to the Appellate Division of the Superior Court, which reversed and directed a new trial in both cases. The defendants thereupon sought and were granted certification by us to review these judgments.

The sole basis for the reversal below was expressed in the opinion of the Appellate Division as follows:

"In failing to disclose the names and addresses of the witnesses to the accident which were known to them at the time of the answer to the interrogatory, the defendants not only failed to comply with the obligation imposed upon them by our Rules, but also deprived the plaintiffs of substantial rights."

The defendants did not contend in either of the courts below nor do they argue here that the names and addresses of the aforesaid witnesses were not known to them before answering the interrogatory. On the contrary they argue *in limine* that the trial court was justified in overruling the objections to their testifying for the alleged reason that the infirmity, if any, in the answer to the interrogatory in which the names of these witnesses did not appear was occasioned by the ambiguous character of the interrogatory itself. It is said to be doubtful whether the requisition includes two demands, *i. e.*, first for the names and addresses of any witnesses to the accident known to the defendants, and secondly for the names of such of these witnesses upon whom the defendants intend to rely, or whether the demand is single and merely seeks the names and addresses of the witnesses to the accident upon

whom the defendants intend to rely. If the latter was intended it is insisted that *Rule* 3:26–2 which defines the permissible scope of *Rule* 3:33 to include, *inter alia,* inquiry concerning "the identity and location of persons having knowledge of relevant facts," is not broad enough to permit the requisition of names and addresses of witnesses upon whom the adversary intends to rely. On the other hand, if the interrogatory is to be regarded as a double demand, it is contended that the latter part thereof is invalid for the reason last stated, and the whole of it confusing and misleading, and since the first fault is that of the party propounding the interrogatory, the defendants should not be penalized. It is also argued that under the circumstances, if the answer was not proper, the party seeking it should have had recourse to the further means of discovery provided by *Rules* 3:33 and 3:26.

We find it unnecessary to determine whether an interrogatory propounded pursuant to *Rule* 3:33, as implemented by *Rule* 3:26–2, may properly include a demand for the names and address of witnesses upon whom the adverse party intends to rely on the trial. Here the defendants, without objecting to the interrogatory in accordance with the practice permitted by *Rule* 3:33, interpreted the demand as seeking the names of eye-witnesses to the occurrence and also the names of the witnesses upon whom the defendants intended to rely, and they answered accordingly. In so answering they not only waived any objection to the form and substance of the interrogatory but clearly showed that they understood its meaning and thereby indicated that they did not know, at the time of making their answer thereto, of any witnesses to the accident other than themselves. This was false and not a full disclosure as required by *Rules* 3:33 and 3:26–2.

The further point argued on this appeal is that whatever might be the conclusion with respect to the prejudice caused by the answer to the interrogatory in the Beasley case there could be no prejudice in the Evtush case because of the fact that the interrogatory was propounded only in the Beasley case and this was done prior to the time that the two cases

were consolidated. It is therefore contended that such consolidation did not operate to decrease the defendants' right to call witnesses which they theretofore had, nor did it make the interrogatory and answer thereto in ·one case effective as to the other case. This contention, however, was not made below and it is obvious from the record that the parties proceeded throughout upon the assumption that the interrogatory and answer thereto were available to and binding upon the parties in each case by reason of the consolidation. Since the point was not raised and argued below and does not concern jurisdiction or public policy, the defendants are not entitled to rely upon it here. *Morin v. Becker,* 6 *N. J.* 457, 460 (1951); *Roberts Elec., Inc., v. Foundations & Excavations, Inc.,* 5 *N. J.* 426 (1950); *Domestic Fuel Co. v. American Petroleum Corp.,* 6 *N. J.* 538 (1951).

The rules for discovery here involved were designed to eliminate, as far as possible, concealment and surprise in the trial of law suits to the end that judgments therein be rested upon the real merits of the causes and not upon the skill and maneuvering of counsel. It necessarily follows, if such rules are to be effective, that the courts impose appropriate sanctions for violations thereof. We therefore conclude that the Appellate Division was right in reversing the judgment of the trial court and ordering a new trial, thereby eliminating the element of surprise which must have accrued to the benefit of the defendants at the previous trial because of their infraction of such rules.

The judgment of the Appellate Division of the Superior Court is accordingly affirmed.

*For affirmance*—Chief Justice VANDERBILT and Justices HEHER, WACHENFELD, BURLING and ACKERSON—5.

*For reversal*—Justices CASE and OLIPHANT—2.