31 N.J. Super. 181 (1954)
106 A.2d 12
JOHN ABBATEMARCO, PLAINTIFF-APPELLANT,
v.
BEATRICE COLTON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1954.
Decided June 21, 1954.
*182 Before Judges EASTWOOD, FRANCIS and FREUND.
Mr. John Warren, Jr., argued the cause for the plaintiff-appellant (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
Mr. William J. O'Hagan argued the cause for the defendant-respondent (Messrs. Reid, Kelly & Flaherty, attorneys).
*183 The opinion of the court was delivered by FREUND, J.S.C. (temporarily assigned).
The plaintiff John Abbatemarco appeals from a judgment for the defendant Beatrice Colton entered on a jury verdict of no cause of action in a suit to recover damages for personal injuries and property damage arising out of an automobile collision, which occurred on November 19, 1952.
The error charged is the exclusion from evidence of the deposition of the sole eye-witness, whose name and address the plaintiff did not disclose in response to defendant's interrogatories. After joinder of issue, the defendant served written interrogatories, of which No. 12 read as follows:
"State the names and addresses of all witnesses known by you or your representatives to have any knowledge of the occurrences set forth in the complaint."
To this, the plaintiff answered under oath on February 28, 1953:
"Investigation is not complete. Witnesses will include occupants of the two automobiles, together with the police officer who investigated, together with other drivers who either saw the accident or came up afterwards. Their names will be furnished prior to trial."
It appears that one Fred Hellman saw the accident and two or three days thereafter the plaintiff called upon him and discussed the matter. But the plaintiff's attorney testified that he was not informed about this witness until the early part of June 1953 when he was preparing the case for trial, which was then scheduled for June 4 or 5, and that he then orally imparted the name and address of the witness to one of the defendant's attorneys. The case was not reached for trial in June and in the fall was listed for trial on October 28. Some short time prior thereto the plaintiff's attorneys learned that the witness had suffered a heart attack and would be unable to appear in court, necessitating the taking of his deposition. However, a mutually agreeable *184 time could not be arranged because of the illness of one of the defendant's attorneys. On Friday, October 23, the plaintiff applied for an adjournment of the trial, which was denied, but an application to take the deposition on Monday, October 26, was granted. By letter dated October 23, the plaintiff's attorneys notified the defendant's attorneys that the deposition would be taken at 4:30 P.M. on the 26th, but the order itself was not signed until the morning of the 26th and was served only a few hours before the designated time. Nevertheless, the defendant's attorneys appeared, and the deposition was taken, and the witness cross-examined, over their objection that his name and address had not been disclosed in the answers to interrogatories.
The case was not tried until November 23 and 25. The plaintiff offered to read to the jury the deposition of Mr. Hellman, but the defendant's objection was sustained, the court declaring that the answers to interrogatories should long since have been amended to disclose the name and address of the witness, and that since he would not have been permitted to testify had he appeared, his deposition was inadmissible. The plaintiff thereupon moved "for a mistrial on the grounds that the ends of justice cannot be served in accordance with the practice of this Court and by your Honor's ruling which denies us the right to present to this jury the only eye witness to the happening of this particular accident." The motion was denied, the case was submitted to the jury, and a verdict of no cause of action rendered.
The right of a party to discovery of the identity and location of persons having knowledge of relevant facts is specifically granted by R.R. 4:16-2, which is substantially the same as Federal Rule 26(b), 28 U.S.C.A. This rule is "designed to eliminate, as far as possible, concealment and surprise in the trial of law suits to the end that judgments therein be rested upon the real merits of the causes and not upon the skill and maneuvering of counsel." Evtush v. Hudson Bus Transportation Co., 7 N.J. 167 (1951); Atlantic Northern Airlines, Inc. v. Schwimmer, 12 N.J. 293 *185 (1953); Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); 4 Moore's Federal Practice, § 26.19, p. 1075; Vanderbilt, Modern Procedure, ch. IX, Pretrial Procedures, p. 563 et seq. It affords parties "an opportunity before trial (1) to investigate their (witnesses') background in order to discover any discrediting matter which might exist, (2) to learn their version of the collision, and (3) to ascertain from them the names and addresses of any other witnesses to the accident known to them." Failure to disclose the names and addresses of witnesses in response to interrogatories constitutes failure to comply with the rule and a deprivation of substantial rights. Evtush v. Hudson Bus Transportation Co., 10 N.J. Super. 45, 51 (App. Div. 1950).
Discovery may be obtained by written interrogatories served upon an adverse party, R.R. 4:23-1, who shall answer in writing under oath, R.R. 4:23-4, each question separately and fully, R.R. 4:23-5. R.R. 4:23-12 expressly provides that interrogatories shall be deemed continuing:
"If the party furnishing answers to interrogatories shall obtain information subsequent to the pretrial conference which renders such answers incomplete, amended answers shall be served not later than 10 days prior to the day fixed for trial. Thereafter amendments may be allowed only for extraordinary or compelling reasons and to prevent manifest injustice, and upon such terms as the court may direct. In no case shall amendments be allowed at the trial where it appears that the evidence sought to be introduced was known to the party seeking such leave, more than 10 days prior to trial."
See cases gathered in Federal Rules Service and Findex, Rule 33.
Manifestly, there was failure to comply with the rules in several respects in the instant case. First, in February 1953 the plaintiff failed to disclose under oath in his answer to interrogatories the identity and location of the witness whom he had interviewed in November 1952, a few days after the accident, long before the answers to interrogatories were made. Second, there was failure to amend the interrogatories *186 when the plaintiff's attorney ascertained the name and address of the witness. Indeed, not until the trial was the required information supplied in writing under oath by a "Supplemental Answer to Interrogatories." The oral disclosure of the witness' name and address was not compliance, nor did it dispense, with the requirement of the rule that the information be in writing and under oath. In such a posture, the exclusion of the deposition was entirely proper. Cf. R.R. 4:27-1 et seq.
Upon failure of the plaintiff's attempt to read the deposition, he moved for a mistrial which was denied. Under the circumstances of this case, namely, that the deposition was that of the only eye-witness to the accident, the undisputed testimony of the plaintiff's attorney that in June he orally furnished the name and address of the witness, that the name and address were given in the letter of October 23 and also in the "Order to Take Depositions" dated October 26, that upon the taking of the deposition the defendant's attorneys appeared and cross-examined the witness, and that the case was not tried until almost a month later, we are of the opinion that the motion should have been granted, but with costs to the defendant.
Our conclusion of this aspect of the case is not to be construed as a precedent, nor in any wise a condonation of non-compliance with procedural rules. True, the broad purpose of the rules is to further the determination of all causes upon the merits and to minimize strictly technical maneuvering; yet the rules were adopted for the guidance of attorneys in protecting their clients' interests and, generally, compliance therewith should be enforced. However, in this instance we believe substantial justice requires that the judgment for the defendant be reversed to the end that the plaintiff's motion for a mistrial be granted, with costs in favor of the defendant in the court below and on appeal.
In one other particular there was on the appeal non-compliance with the rules. In the appellant's appendix the filing date of each paper printed was omitted. R.R. 1:7-1(f).