32 N.J. Super. 573 (1954)
108 A.2d 869
ARCHIE BARBER, PLAINTIFF-RESPONDENT,
v.
ARTHUR A. VACCARO, DOING BUSINESS AS VACCARO TRUCKING CO., DEFENDANT-APPELLANT, LOUIS AUSTIN, THIRD-PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1954.
Decided October 29, 1954.
*574 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
*575 Mr. George Warren argued the cause for the plaintiff-respondent (Messrs. Warren & Stein, attorneys).
Mr. John E. Hughes argued the cause for the defendant-appellant (Messrs. Shaw, Hughes & Pindar, attorneys).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The plaintiff, an employee of the Kingston Bituminous Products Company (hereinafter referred to as "Kingston"), instituted an action against Arthur Vaccaro, doing business as Vaccaro Trucking Company (hereinafter referred to as "Vaccaro"), for the recovery of damages resulting from injuries sustained on June 18, 1951, on a road building project at Fort Dix, New Jersey. Vaccaro had leased to Kingston a dump truck with a stone spreader attached for use on the road building job. Vaccaro also supplied the truck driver and, under the agreement with Kingston, was paid an hourly rate for the use of all three, Vaccaro in turn paying his driver.
Vaccaro filed a third-party complaint against Louis Austin, charging him with indemnity for any recovery made by plaintiff, in that Austin had furnished him with the stone spreader knowing its intended use.
On June 18, 1951 Vaccaro's driver reported for work and was escorted to the job site by plaintiff and directed to the place where he was to load his truck and, after loading it, returned to the point of construction.
The stone spreader attached to the rear of the truck was used to spread small stone or gravel in the course of road construction. The attachment is bolted to the rear of the truck in place of the tail gate and stone is fed into it by raising the body of the truck. The stone is spread over the road by releasing a lever which opens a gate at the bottom of the spreader and the lever is operated by a person from a seat attached to the upper left-hand quadrant of the spreader.
It was the plaintiff's job to operate the lever of the stone spreader and, according to his testimony, when the truck returned to the job site loaded and ready for use, he mounted *576 the spreader. As he was in the act of seating himself on the seat, a fellow-employee, William Freeman, signaled the truck driver to back the truck to the desired spot. As the truck started to move backwards the seat of the spreader "turned back" or "tilted down" and plaintiff fell to the ground. As he attempted to get out of the path of the moving truck he was struck by the corner of the spreader and received the injury of which he complained. The plaintiff testified further that after his fall he examined the seat and found that there were two bolts missing from the bottom and one bolt missing from the back; that the bolt heads seemed to be "chewed up" and the bolts had slipped through and that the seat was supported by only one bolt near the top; and that the bolts that had pulled through the seat were still in the spreader.
William Freeman, plaintiff's fellow-employee, testified that he saw plaintiff attempt to mount the seat as the truck started to move; that the seat gave way and plaintiff then fell to the ground; that the bolts that held the seat to the spreader had broken or pulled out.
Henry Kimble testified, over objection of defendant, that he had examined the seat after the accident and found that only one bolt was holding the seat to the spreader and that the others were very loose so that the seat "sagged over" and "tipped sideways."
Defendant Vaccaro testified that he did not own the spreader, but had obtained it from one Louis Austin; that he had helped attach it to his truck and at the time had made an inspection of the seat by climbing over the seat and standing on it and that the seat appeared to be in safe condition although he admitted that he did not examine the bolts.
Reynolds, the defendant's truck driver, testified that he helped assemble the spreader on the truck the night before the accident; that he did not examine the seat but in the course of assembly, had occasion to grab the seat and that it felt tight to him.
*577 Louis Austin, the third-party defendant, was called as a witness for the defendant and testified that Vaccaro had asked to borrow his stone spreader a few days before the incident in question and that he replied, "Yes, any time," and that Vaccaro had borrowed it on several prior occasions.
Defendant's motion for involuntary dismissal made at the end of the plaintiff's case and at the end of the entire case were both denied and thereafter a jury verdict in the amount of $5,000 was entered against defendant Vaccaro and on the third-party action, a verdict was returned in favor of Austin, and against Vaccaro. The defendant Vaccaro appeals from the judgments entered on the said jury verdicts.
Vaccaro contends that there was no evidence that he had actual or constructive notice of any defect in the spreader furnished by Austin; that the verdict in plaintiff's favor against Vaccaro on the original complaint and against Vaccaro and in favor of Austin on the third-party complaint are inconsistent and should be set aside and that the trial court erred in permitting plaintiff's witness, Kimble, to testify over defendant's objection inasmuch as plaintiff had failed to notify defendant in his answer to interrogatories that Kimble would be a witness.
Vaccaro's argument is largely based upon the principle that assuming, but not conceding, the condition was as Barber testified, there must be proof that Vaccaro had notice of the impaired condition of the machine to render him responsible; which proof of notice he denies. In determining this question, we find there was evidence that the spreader seat was in a state of disrepair, as asserted by plaintiff's witnesses, and that there was evidence by the defendants that they had inspected the machine and observed it to be in good condition. In the premises we feel that a factual question was presented and properly submitted to the jury for determination. Ristan v. Frantzen, 26 N.J. Super. 225, 232 (App. Div. 1953). And where the determination of the jury is supported by competent evidence the appellate tribunal will not disturb that finding.
*578 As stated by this court in the case of Syle v. Freedley, 27 N.J. Super. 461, 468 (1953):
"* * * It is preeminently the mission of the jury to resolve the credibility of the testimony and to determine the facts. A verdict should not be overthrown merely because the jury might rationally have decided otherwise, Knickerbocker Ice Co. v. Anderson, 31 N.J.L. 333 (Sup. Ct. 1865); Queen v. Jennings, 93 N.J.L. 353 (Sup. Ct. 1919), or merely because we might have reached a different conclusion. Faux v. Willett, 69 N.J.L. 52 (Sup. Ct. 1903)."
Cf. Brendel v. Public Service Electric and Gas Co., 28 N.J. Super. 500, 511 (App. Div. 1953).
The defendant's contention that the judgment in favor of plaintiff and against Vaccaro is inconsistent with the judgment against Vaccaro and in favor of Austin on the third-party action, is not tenable. The third-party action brought by Vaccaro was not grounded upon Austin's negligence, but was one of indemnity in the event of an adverse judgment against Vaccaro in favor of Barber. The rule of indemnity, as applied by our courts, requires that in addition to a showing of liability on the part of the secondary supplier (Vaccaro), there must be proof of a breach of duty by the primary supplier (Austin). In the case of Popkin Bros., Inc., v. Volk's Tire Co., 20 N.J. Misc. 1 (Sup. Ct. 1941), wherein the court cited with approval the language of the Restatement of the Law of Restitution, it was held:
"`* * * In such cases the fact that the claimant was negligent with respect to the person harmed does not prevent him from obtaining indemnity from the supplier, if his negligence consisted merely in failing to make an inspection and his failure was because of his belief due to representations by the supplier that the chattels were not defective. In all cases indemnity depends upon the existence of some form of representation made by the supplier and reasonableness, as between the two, by the payor in relying upon the supplier's representation.'"
Vaccaro might have been able to recover against Austin if he could have established representation of good condition of the spreader by Austin and reliance thereon by Vaccaro. The facts indicate, however, that there was no such *579 evidence. The record merely indicates that Vaccaro had asked Austin if he could use his spreader and Austin replied: "Sure, anytime."
We find no inconsistency in the judgments.
With respect to defendant's third ground of appeal relating to permitting Kimble to testify even though his name was not disclosed in answer to interrogatories regarding witnesses for plaintiff, we express some concern.
The pertinent interrogatory reads as follows:
"23. Set forth the names and addresses of all persons known to the plaintiff, their servants, agents, employees or attorneys who has knowledge of the alleged accident which forms the basis for this suit."
In response thereto, plaintiff furnished the names of eye-witnesses to the accident, but omitted the name of Henry Kimble who arrived on the scene shortly thereafter and was offered to give evidence on his observations arising out of his inspection of the seat.
Rule 4:16-2 of the Rules of Civil Procedure permits interrogation regarding
"* * * any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. * * *"
The Supreme Court, in the case of Atlantic Northern Airlines, Inc., v. Schwimmer, 12 N.J. 293, at page 309 (1953), held:
"The genius of this rule is pretrial discovery to preclude concealment and surprise in aid of a just result on the merits."
Considering the question, the rule and the circumstances in light of the stated purpose of the rule, we do not find that the ruling of the trial court in admitting Kimble as a witness was error. The language of the rule itself is very broad and *580 refers to "persons having knowledge of relevant facts," without regard to specific incidents or details. Gibilterra v. Rosemawr Homes, Inc., 32 N.J. Super. 315 (App. Div. 1954). On the other hand, in the present case, the defendant's interrogatory was more restrictive and inquired as to persons "who has knowledge of the accident." By employing the restrictive language, we feel that defendant was limiting his inquiry to the happening of the accident itself as distinguished from the discovery of persons possessing any facts relevant to the plaintiff's action. To exclude Kimble, as defendant contends, would indulge in a strict application of the rule to plaintiff's possible prejudice under circumstances where the plaintiff's interpretation of the interrogatory made in good faith, quite possibly would lead to the conclusion plaintiff reached, the cause of which was the language employed by defendant. "Mala fides is not shown nor charged." Atlantic Northern Airlines, Inc., v. Schwimmer, supra. Furthermore, it is the conclusion of this court that Kimble's testimony was not prejudicial to defendant since it was merely cumulative to plaintiff's and Freeman's prior testimony regarding the condition of the seat on the spreader after the accident.
In the case of Abbatemarco v. Colton, 31 N.J. Super. 181 (App. Div. 1954), there was a patent failure to disclose the name of a witness clearly requested and failure to correct this omission until just prior to trial of the action. This court held that while it is concerned with adherence to the rules of practice and procedure, when there has been a showing that the purpose or intent of the rule has been satisfied without substantial harm to the other party, some relaxation will be allowed. We feel that even more room for relaxation should be granted where in a case such as this, the situation was created in part by the ambiguity of the interrogatory propounded and there is an absence of any evidence or inference of mala fides.
The judgment is affirmed.