42 N.J. Super. 387 (1956)
126 A.2d 903
VIRGINIA BURKE, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF FRANK B. JONES, DECEASED, PLAINTIFF-RESPONDENT,
v.
THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1956.
Decided November 9, 1956.
*390 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Samuel A. Larner argued the cause for appellant (Messrs. Budd, Larner & Kent, attorneys).
Mr. Edward J. Madden argued the cause for respondent (Mr. Samuel M. Cole, attorney).
GOLDMANN, S.J.A.D.
Defendant appeals from a judgment of voluntary dismissal without prejudice and without terms or conditions (except for the usual costs), entered in the Law Division on plaintiff's motion.
Plaintiff, as administratrix ad prosequendum, brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., seeking damages for the accidental death of her decedent, an employee of defendant railroad. Defendant filed an answer denying negligence and setting up several defenses. It also served interrogatories, answered interrogatories propounded by plaintiff, attended the taking of oral depositions, and otherwise carried through all the preparation and discovery necessary to defend the action. The case proceeded in normal course; a pretrial conference was held and the matter eventually came on for trial. Plaintiff testified briefly as to decedent's age, his next of kin, and like matters. Her counsel then put one Drayton on the witness stand. Defendant at once objected to his testifying because his name had not been submitted in the answers to defendant's interrogatories. Excerpts from these interrogatories and plaintiff's answers thereto are here set out for convenience:
"(If plaintiff does not know the answer to any of the following questions personally, set forth the answer based on all information coming to the plaintiff through witnesses, investigation or otherwise, giving the source of the information and the name and address of the person from whom the information was obtained.)
*391 1. Describe in detail and with particularity how the accident occurred.
ANSWER: Does not have sufficient information or knowledge at this time to answer on behalf of the decedent.

* * * * * * * *
28. Give the names and addresses of all witnesses to the facts of the accident.
ANSWER: See Answer to No. 1.
29. Give the names and addresses of all witnesses to any of the other facts or issues involved in this litigation.
ANSWER: See Answer to No. 1."
It would appear that similar answers were given in response to some 32 questions. In fairness to plaintiff's present counsel, it should here be pointed out that these answers were prepared by her former attorney.
After extended argument Drayton was withdrawn from the stand. Plaintiff next called witness Freeman. Defendant objected to his testifying, urging the same ground as before. The court appeared to sustain the objection. Counsel for plaintiff pleaded that he could not proceed because of the deficiency in the answers to interrogatories, and moved for a mistrial. The motion was denied. After a recess plaintiff moved for a voluntary dismissal without prejudice. Defendant vigorously opposed the motion on the ground it had been put to substantial expense and inconvenience, calling attention to the fact that it had some 12 witnesses present who, as employees, had to be paid at least full-time salary. As an alternate proposition, defendant argued that if the motion were granted, it be only upon condition that all its expenses to date be paid. Although the court recognized the burden placed on defendant, it nonetheless granted a voluntary dismissal without prejudice and without terms "so that manifest injustice may not be done and that the plaintiff may have her day in court."
Preliminarily, we should dispose of plaintiff's argument that the judgment so entered is not a final judgment. Her contention appears to be that since the judgment is not one on the merits, it is no bar to future litigation, and therefore not final. We are in complete disagreement. The *392 judgment here is similar to a judgment of dismissal for failure to state a cause of action, or an order quashing an indictment for failure to charge a crime. Can it be said in either of these cases that the disposition lacks finality because it does not bar future litigation?
In Jaudel v. Schoelzke, 95 N.J.L. 171 (E. & A. 1920), the question was whether a Circuit Court order quashing a writ of attachment had the quality of a final judgment so as to be directly appealable to the Court of Errors and Appeals. The court said the finality of such an order was no longer an open question in this State; its legal effect was that "the plaintiff takes nothing by his writ and the defendant goes without day, which is the like result of a judgment of non-suit." Jaudel was favorably quoted in Application of Tiene, 19 N.J. 149, 160 (1955), where Chief Justice Vanderbilt, reviewing the cases, pointed out the distinction between certain orders which had been held interlocutory and therefore not appealable, and those held final. He said the action taken in cases like Jaudel, In re Pillo, 11 N.J. 8 (1952), and In re Vince, 2 N.J. 443 (1949), was in effect similar to a dismissal of a complaint.
The judgment entered by the trial court clearly put an end to plaintiff's efforts to hold defendant liable in the pending action. No relief, except by appeal under R.R. 2:2-1, existed. We note that R.R. 4:42-1, dealing with voluntary dismissals, is similar to Rule 41(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Federal cases in which an appeal from a voluntary dismissal without prejudice was taken without question include Home Owners' Loan Corp. v. Huffman, 134 F.2d 314 (8 Cir. 1943), and International Shoe Co. v. Cool, 154 F.2d 778 (8 Cir. 1946).
Defendant's argument on this appeal is two-fold: (1) the trial court erred in granting dismissal without prejudice and, in the alternative, (2) if the action was properly dismissed without prejudice, it should have been upon condition that plaintiff reimburse defendant for all costs and expenses incurred to date.
*393 R.R. 4:42-1(b) provides:
"Except as provided in Rule 4:42-1(a) [voluntary dismissal by plaintiff without order of court], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."
Defendant's position is that the wide discretion so given the trial court to grant voluntary dismissal cannot be exercised after plaintiff has failed to comply with the rule requiring that the names of all witnesses to the facts of the accident be supplied upon request in pretrial discovery.
Under the former practice a party had no right to demand from the adverse party the names and addresses of witnesses to the accident. Evtush v. Hudson Bus Transp. Co., Inc., 10 N.J. Super. 45, 51 (App. Div. 1950), affirmed 7 N.J. 167 (1951). However, R.R. 4:16-2 relating to depositions pending action, expressly permits the examining party to inquire into "the identity and location of persons having knowledge of relevant facts." A similar inquiry is permitted by interrogatories propounded to a party. R.R. 4:23-9. The purpose of this provision is to allow all parties equal access to the relevant facts, or leads to such facts, in order "to eliminate, as far as possible, concealment and surprise in the trial of law suits to the end that judgments therein be rested upon the real merits of the causes and not upon the skill and maneuvering of counsel." Evtush v. Hudson Bus Transp. Co., Inc., above, 7 N.J. 167, at page 173; Atlantic Northern Airlines, Inc., v. Schwimmer, 12 N.J. 293, 309 (1953); Abbatemarco v. Colton, 31 N.J. Super. 181, 184 (App. Div. 1954). It was pointed out in Abbatemarco, quoting what the Appellate Division had said in Evtush, above, 10 N.J. Super. 45, at page 51, that divulgence of the names and addresses of witnesses having knowledge of the relevant facts gives the inquiring party an opportunity before trial (1) to investigate the witnesses' background in order to discover any discrediting matter which might exist, (2) to learn their version of the matters involved *394 in the controversy, and (3) to ascertain from them the names and addresses of any other witnesses known to them.
The propriety of the questions asked in the 28th and 29th interrogatories is not challenged. We may observe, however, that the 28th was entirely proper. A similar question was approved in Evtush, above, 10 N.J. Super. 45, at pages 49-50, affirmed in 7 N.J. 167, and its propriety was assumed in Capone v. Norton, 8 N.J. 54 (1951), affirming 11 N.J. Super. 189 (App. Div. 1951). And see Barber v. Vaccaro, 32 N.J. Super. 573 (App. Div. 1954); Schwartz v. Public Service Coordinated Transport, 64 A.2d 477 (Cty. Ct. 1949) (not officially reported); Schnitzer and Wildstein, New Jersey Rules Service, A IV-453-456 and Supp., p. 83. But cf. State of Maryland for Use of Montvilo v. Pan-American Bus Lines, Inc., 1 F.R.D. 213 (D. Ct. Md. 1940).
Interrogatory No. 29 would appear to fall within the broad frame of reference of R.R. 4:23-9, which permits inquiry into the identity and location of "persons having knowledge of relevant facts." An interrogatory was propounded in the words of the rule in Stavili v. Space, 9 N.J. Super. 462 (Cty. Ct. 1950), but the court did not squarely rule on its propriety. It would perhaps have been the better practice, in propounding interrogatory No. 29, to direct the inquiry to specified issues or allegations in the pleadings or occurrences involved in the subject matter of the action. The interrogatory asks for "all witnesses to any of the other facts or issues involved in this litigation," roughly the equivalent of "persons having knowledge of relevant facts." Schnitzer and Wildstein, op. cit., A IV-456, points out that "Without pinpointing the inquiry, at least to some degree, the form of such a question seems too general, and binds the attorney in advance of the trial to exercise his professional judgment as to what facts known to a witness are or will be relevant, `under pain of a loss of their testimony.' Cf. Atlantic Northern Airlines, Inc., v. Schwimmer, 12 N.J. 293, 96 A.2d 652 (1953)."
*395 Plaintiff's original attorney may not have known of the persons requested in interrogatories Nos. 28 and 29 at the time he filed the answers thereto, but he did know at least their names  this information was obtained through defendant  sometime before the trial. When the court rules were originally promulgated there was no requirement that a party must supplement with after-acquired information the incomplete answers previously given in response to written interrogatories. The burden was on the interrogating party to serve additional interrogatories to bring the answers down to date. Capone v. Norton, above, 8 N.J. 54, at page 60. However, by amendment to original Rule 3:33, now incorporated in R.R. 4:23-12, the party furnishing answers to interrogatories is obliged to revise and supplement his incomplete answers by amendment thereof, and serve the amended answers not later than ten days prior to the day fixed for trial. Thereafter amendments may be allowed "only for extraordinary or compelling reasons and to prevent manifest injustice, and upon such terms as the court may direct." Plaintiff furnished no such amended answers.
As was observed in the Evtush case, above, 7 N.J. 167, at page 173, the court may impose appropriate sanctions for violations of the discovery rules if they are to serve their purpose. This power is inherent in the court. Lang v. Morgan's Home Equipment Corp., 6 N.J. 333, 338 (1951). Cf. R.R. 4:27. Failure to disclose the names and addresses of witnesses in response to interrogatories constitutes a deprivation of the substantial rights of the propounding party. Evtush v. Hudson Bus Transp. Co., Inc., above, 10 N.J. Super. 45, at page 51. In such a case the trial court is free to apply sanctions, subject only to the requirement that they be just and reasonable in the circumstances.
Plaintiff having failed to supply the names requested in the interrogatories, or to amend her answers prior to trial, the court properly denied her the right to produce any witnesses on her behalf. This obviously precluded an adequate presentation of her case on the merits. In considering *396 whether, under the circumstances, the court abused its discretion in granting a voluntary dismissal without prejudice, rather than invoking the sanction urged by defendant  that of dismissing the complaint with prejudice  it is helpful to keep in mind the broad objective of the rules. This has been stated to be "to expedite justice, to avoid duplicitous litigation and to decide each case on its merits." Donnelly v. Ritzendollar, 14 N.J. 96, 105-106 (1953). The court in Ciocca v. Hacker, 4 N.J. Super. 28, 33 (App. Div. 1949), spoke of "the wholesome and ever-broadening policy against the procedural frustration of just determinations between parties on the ultimate merits * * *." And in Mayflower Industries v. Thor Corp., 17 N.J. Super. 505, 509 (Ch. Div. 1952), appeal dismissed 20 N.J. Super. 39 (App. Div. 1952), where the complaint was dismissed with prejudice, it was said:
"* * * Unless it is based on matters going to the merits, a dismissal should ordinarily be without prejudice. [Citing cases and quoting then Rule 3:41-1(b), now R.R. 4:42-1(b), relating to voluntary dismissals.] * * * The dismissal of a party's cause of action with prejudice is drastic and generally not to be invoked."
See Tsibikas v. Morrof, 5 N.J. Super. 306, 310 (App. Div. 1949).
The court's refusal to deprive plaintiff of her day in court was, under the peculiar circumstances of this case, not an abuse of judicial discretion. It may be argued, as defendant does, that defendant should not be made to suffer because plaintiff selected an attorney who, through ignorance or negligence or the limited funds made available for investigation, failed to observe the strict requirements of the discovery rules. Since a dismissal of her complaint with prejudice could only result in depriving plaintiff of her proper day in court, it was entirely correct for the trial judge to conclude that he would not bar a just determination of her cause on the merits by reason of her former attorney's failure to observe the rules. This result is in accord with the views expressed by our courts on many occasions, some *397 of which we have just cited. Cf. also Abbatemarco v. Colton, above, 31 N.J. Super. 181, at page 186; Barber v. Vaccaro, above, 32 N.J. Super. 573, at pages 579-580; Gibilterra v. Rosemawr Homes, Inc., 32 N.J. Super. 315, 322 (App. Div. 1954). Substantial justice in the instant case required that the plaintiff be given the opportunity to start her action anew.
We pause to observe that nothing in the record indicates any attempt on the part of plaintiff or her counsel to surprise (Evtush v. Hudson Bus Transp. Co., Inc., above, 10 N.J. Super. 45, at page 51) or deceive defendant. Defendant will not, of course, be surprised if and when another action is instituted and a second trial ensues. We do not find Pagano v. Krispy Kernals, Inc., 10 N.J. Super. 588 (Law Div. 1950); State v. Newman, 36 N.J. Super. 506 (App. Div. 1955); or International Shoe Co. v. Cool, above, 154 F.2d 778, cited by defendant, apposite or persuasive.
We turn to defendant's alternate claim that the trial court erred in granting the dismissal without imposing defendant's costs and expenses upon plaintiff. R.R. 4:42-1(b) expressly provides that the court may impose "such terms and conditions" as it "deems proper." The New Jersey rule is identical with Federal Rule 41(a) (2). In the case of Home Owners' Loan Corp. v. Huffman, above, 134 F.2d 314, the Circuit Court of Appeals for the 8th Circuit reversed the trial court which had granted a dismissal of plaintiff's action without prejudice and without terms, holding that defendant was entitled to the payment of its costs as a condition precedent to the granting of the dismissal. The plaintiff in that case, as does plaintiff's counsel here, contended that she was unable financially to pay any costs and expenses. The court rejected the argument, stating that "Upon a plaintiff's motion to dismiss without prejudice the equities of the plaintiff are not a subject for construction under the rule. The terms and conditions which the court may impose are for the protection of the rights of the defendant." To the same effect, see McCann v. Bentley Stores Corp., 34 F. Supp. 234 (D.C.W.D. Mo. 1940); Federal Savings & Loan Ins. Corp. *398 v. Reeves, 148 F.2d 731 (8 Cir. 1945); Wilson v. Jolly, 7 F.R.D. 649 (D.C.N.D. Tex. 1948). The federal cases hold, generally, that a plaintiff will not be permitted to dismiss, after defendant has been put to expense in preparing for trial, except on condition that plaintiff reimburse defendant for his expenses, which may sometimes include a reasonable attorney's fee. 5 Moore, Federal Practice (2d ed. 1951), § 41.06, pp. 1025-1026. The trial court, in the exercise of its sound discretion, insured plaintiff's having her day in court, but it should not thereby have required defendant to stand all the expense to which it had been put up to the moment of dismissal.
At the oral argument we inquired into the details of defendant's expenditures, including the presence of its employee witnesses. In order completely to determine the matter, we have fixed $300 (somewhat less than defendant's total out-of-pocket expense) as the sum which plaintiff will be required to pay as a condition of the judgment of voluntary dismissal. If this amount is not paid within 30 days after the coming down of the mandate, judgment of involuntary dismissal may be entered.
The judgment of voluntary dismissal, as modified, is affirmed.