456 P.2d 371

Gail S. CARVER, Appellant,

v.

SALT RIVER VALLEY WATER USERS' ASSOCIATION, a corporation, and County of Maricopa, a political subdivision of the State of Arizona, Appellees.

No. 9504–PR.

Supreme Court of Arizona.

In Banc.

July 2, 1969.

514

Kramer, Roche, Burch, Streich & Cracchiolo, by William P. French & Robert E. B. Allen, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, by Rex H. Moore & William R. Jones, Phoenix, for Salt River Valley Water Users' Ass'n.

McKesson, Renaud, Cook & Miller, by J. Gordon Cook, Phoenix, for County of Maricopa.

STRUCKMEYER, Justice.

This is an action by Gail S. Carver as plaintiff for damages resulting from injuries which she sustained when a cottonwood tree fell upon a public highway upon which she was driving. At the conclusion of plaintiff's evidence the trial court directed a verdict in favor of the defendants Salt River Valley Water Users' Association and Maricopa County. From the judgment entered thereon plaintiff appealed. The Court of Appeals affirmed in part and reversed in part. Review granted. Opinion of the Court of Appeals, Division One, 8 Ariz.App. 386, 446 P.2d 492, vacated and judgment of the superior court affirmed.

On a windy afternoon on April 1st, 1963, plaintiff, Gail S. Carver, was driving north

in the 6600 block on 67th Avenue, a county highway in Maricopa County, Arizona, when a large cottonwood tree fell across the street striking her car. Plaintiff suffered certain injuries out of which this lawsuit resulted. The tree striking plaintiff's automobile was one of a row of cottonwood trees growing on the west bank of an irrigation lateral used and maintained by the Salt River Valley Water Users' Association. Plaintiff's complaint alleged that the Association was negligent in that the cottonwood tree was maintained in a defective and decayed condition and that the County was negligent in permitting a decayed and defective tree to be maintained adjacent to a public street where it was likely to fall upon persons lawfully using the highway.

Appellant complains of the action of the trial court in suppressing and excluding the testimony of certain witnesses for the plaintiff and the denial of her motion for a continuance made at the commencement of the trial. It should be stated that defendant, Maricopa County, submitted to plaintiff certain written interrogatories designed to discover her witnesses. The answers to these interrogatories did not disclose their names and the trial judge on motion of defendants excluded them from testifying at the trial of the case.

Arizona's Rule 33, Rules of Civil Procedure, 16 A.R.S., provides for the taking of written interrogatories of an adverse party. It was adopted from the federal rule of the same number, and is a companion to both the Arizona and Federal Rule 26 which also permits discovery either by oral deposition or written interrogatories. The Supreme Court of the United States in Hickman v. Taylor, 329 U.S. 495, 500, 67 S.Ct. 385, 388, 91 L.Ed. 451, in recognizing the purpose of the rules of discovery stated:

"The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial."

By Rule 37 of both the Arizona and Federal Rules if there is a refusal to answer a question or interrogatory the proponent may apply to the trial court for an order compelling an answer. If thereafter the party is disobedient to the order, the court may prohibit the party from introducing in evidence "items of testimony". However, this is not a case where the plaintiff refused to answer a question, but one where the plaintiff by answering misled the opposing party into an erroneous evaluation or understanding of the nature of the plaintiff's case. The misleading answers not only defeated discovery to the same extent as if plaintiff had refused to answer, but also lulled defendants into a false sense of security.

There is precedent under Federal Rules 33 and 37 to exclude a witness' testimony where there has been a failure to disclose. Thompson v. Calmar Steamship Corp., 3 Cir., 331 F.2d 657; Taggart v. Vermont Transportation Co., D.C., 32 F.R.D. 587, affirmed 3 Cir., 325 F.2d 1022; and Newsum v. Pennsylvania R. Co., D.C., 97 F. Supp. 500. There are also cases from state courts which have approved the total exclusion of a witness' testimony where a statute or rule expressly or inferentially authorizes the trial court to impose such sanctions. Dempski v. Dempski, 27 Ill.2d 69, 187 N.E.2d 734; Gebhard v. Niedzwiecki, 265 Minn. 471, 122 N.W.2d 110; Frozen Food Exp. v. Modern Truck Lines, Inc., 79 Ill.App.2d 84, 223 N.E.2d 275; Wofford v. DeVore, 73 Ill.App.2d 92, 218 N.E.2d 649; Rosales v. Marquez, 55 Ill. App.2d 203, 204 N.E.2d 829; Battershell v. Bowman Dairy Co., 37 Ill.App.2d 193, 185 N.E.2d 340; Lang v. Morgan's Home Equipment Corp., 6 N.J. 333, 78 A.2d 705; Evtush v. Hudson Bus Transp. Co., Inc., 10 N.J.Super. 45, 76 A.2d 263, affirmed 7 N.J.

167, 81 A.2d 6, 27 A.L.R.2d 731; Burke v. Central Railroad Company of New Jersey, 42 N.J.Super. 387, 126 A.2d 903; Band's Refuse Removal Inc. v. Borough of Fair Lawn, 62 N.J.Super. 522, 163 A.2d 465. And see Fairbanks Publishing Co. v. Francisco, Alaska, 390 P.2d 784, 798 where it was held error for the trial judge to permit a witness to be called who had not been disclosed in violation of the judge's pre-trial order.

Accordingly, we conclude that the trial court's order excluding the testimony of plaintiff's witnesses is not without legal precedent, although admittedly it is extreme in nature and seldom invoked.

Rule VIII of the Uniform Rules of Practice of the Superior Court gives a trial judge the widest possible latitude in order to deal with violations of the rules:

"Prior to the commencement of the trial, the trial judge shall review the pretrial order and ascertain whether counsel have complied therewith and with these rules * * *. In the event of non-compliance, the trial judge shall make such order as he deems appropriate, * * *." 17 A.R.S.

Rule VIII is obviously designed to place in the trial judge the broadest possible discretion in order that the parties may obtain the fullest possible knowledge of the issues and facts to the end that trials be not "carried on in the dark". We have repeatedly held under a variety of circumstances that the discretion of a trial court will not be disturbed unless it is made to appear that there has been an arbitrary abuse thereof. Daru v. Martin, 89 Ariz. 373, 363 P.2d 61; Nordale v. Fisher, 93 Ariz. 342, 380 P.2d 1003; Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809; Patterson v. City of Phoenix, 103 Ariz. 64, 436 P.2d 613.

By Rule V of the Uniform Rules of Practice in order to obtain a trial setting the attorney for a party must certify that:

"(2) The parties have completed, or will have had a reasonable opportunity to complete prior to five days before the pretrial conference, all procedures intended to be undertaken prior to trial under Rules 26 to 37 of the Rules of Civil Procedure; * * *."

On *October 6, 1964*, plaintiff's counsel filed her certificate of readiness. This sequence of events then transpired.

On *March 30, 1966*, the trial court held a pre-trial conference at which time a trial date as of September 6, 1966, was set. At the pre-trial conference an order was entered directing that additional discovery might be made not later than twenty days prior to trial.

On *April 1, 1966*, Maricopa County served the plaintiff with interrogatories, three of which we are herewith concerned. Interrogatory # 25 requested the names of all plaintiff's witnesses. Plaintiff listed only the name of one Eugene Reems. Interrogatory # 27 specifically requested knowledge of any investigation or test pertaining to the lawsuit. Plaintiff answered, "none", although a tree physiologist had in fact been employed in April of 1963, by plaintiff's attorneys to examine the stump of the fallen tree. Interrogatory # 28 specifically requested the names of any witnesses who had any knowledge as to whether the fallen tree was in such condition that a reasonable person would or should have known that it was likely to fall. Plaintiff answered, "none".

On *September 1, 1966*, although there were then only two working days available because of the Labor Day weekend, plaintiff's attorneys notified defendants that they intended to call four additional witnesses, they being a deputy sheriff who had made an investigation of the accident following its occurrence, the expert in plant physiology heretofore referred to and two others who seemingly had some knowledge of the condition of the trees along 67th Avenue at or about the time of the accident.

Defendants argued in support of their motion to suppress the testimony of these witnesses that they were misled to their prejudice which is obviously true. Plaintiff's attorneys stated to the court that a

former trial counsel who had engaged the plant physiologist had left their firm prior to the submission of the interrogatories and that in a personal conversation ten days before trial they were told about the plant physiologist's examination of the stump. Plaintiff's attorneys further stated that on August 31st, 1966, they went out to the scene of the accident in preparation for trial and because they were unable to subpoena the witness, Reems, they "decided to do a neighborhood check" and found a witness who lived across the street from where the tree had fallen.

■ The trial judge found that there was no showing that "with due diligence these witnesses could not have been discovered prior to the deadline" noting that the pre-trial judge asked and counsel had assured him they would be prepared for trial on the day fixed. On this record we are not prepared to say that there was a clear abuse of discretion by the trial judge in denying the plaintiff's motion for a continuance and granting the motion to exclude the surprise witnesses. What we have said here concerning the additional witnesses named before trial, applies equally to the surprise witness called during the course of the trial.

Plaintiff complains that the trial court erroneously directed a verdict in favor of defendants on the basis of the evidence before the court. She urges that each has the duty to exercise reasonable care to prevent trees from falling on travelers on the streets and highways. Defendant, Salt River Valley Water Users' Association, takes the position that a land owner has no duty to inspect trees in a rural area. Since there is some question as to whether this is a rural area within the meaning of the cases relied upon, we accept for the purpose of the decision the rule advocated by the Restatement, Second, Torts § 364. Manifestly, the cottonwoods along 67th Avenue are planted trees and for that reason § 363 has no application. § 364 provides:

"A possessor of land is subject to liability to others outside of the land for phys-ical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of such harm, * * *."

Plaintiff asserted basic negligence in three particulars. She attempted to establish that the water in the lateral had eroded the roots of the tree thereby weakening it. As to this, all the evidence establishes that the tree broke off about three feet from the ground and did not fall because of erosion. Plaintiff attempted to establish that the tree had burn marks upon it from which plaintiff would infer a structural weakening. But there is no evidence of the place, nature or extent of the burns. Moreover, this theory is, at least in part, repudiated by the photographs of the stump in evidence, plaintiff's Exhibits # 7, # 8, # 15, and # 17.

Plaintiff also attempts to establish that the tree was in a rotten condition. Her evidence was to the effect that she went to the scene of the accident three weeks later and the top of the tree had been cut off at the edge of the road and taken away. The remainder, "a big log", was lying across the irrigation lateral. She examined the log and "there were marks or indications that it was rotted, and also burned, on there."

■ If we assume from this testimony that the reason the tree broke off was its rotted condition, still plaintiff's evidence is wholly insufficient to establish that defendants knew or should have known of the condition. There is no testimony that the rot was apparent from the outside or that it was not confined to the internal portion of the trunk. Accordingly, there was no evidence which would support a theory that an inspection would disclose the infirmity and that defendants would have known by the exercise of ordinary care of the rotten condition of the tree. The court properly directed a verdict in favor of the defendants.

Plaintiff finally complains that the court committed error in excluding certain pho-

.tographs of the general area where the accident occurred. Five photographs of the trunk of the tree as it existed after the accident were admitted. It is urged that the trial court improperly excluded plaintiff's photographs Exhibits # 9, # 10, # 14 and # 16 in evidence. Photographs # 9, # 10 and # 16 show the line of cottonwood trees along 67th Avenue taken sometime after the accident. They obviously have no relevance to any issue in the case since there is no claim that any of the trees depicted in the photographs were in the same condition as the tree which fell.

Plaintiff argues that the photographs depicting the condition of the trees adjacent to the one which fell could lead to the belief that their appearance "was enough to put defendant on notice of the potential dangers from the cottonwoods * * *," and to require an inspection of the area. Assuming that the photographs do establish the general condition of the trees in the area, there is still no evidence or reason to believe that an inspection would have disclosed the rotted condition of the particular tree in question.

Plaintiff's proposed Exhibit # 14 also shows several trees of the line bordering the irrigation lateral. It is taken at such an angle that in the foreground the stump of the fallen tree is shown. We do not think the trial court improperly excluded this proposed exhibit. As stated, five other photographs of the stump were admitted into evidence. At least two adequately portray the condition of the stump better than plaintiff's proposed exhibit. We think it was well within the sound discretion of the trial judge to exclude plaintiff's proposed Exhibit # 14. The story of this incident is completed by a showing of facts about this tree from which its condition could be inferred. It is not properly completed by the admission of photographs which might lead to speculative non-relevant inferences by the jurors.

The foregoing discussion answers the principal questions necessary for disposition of this appeal.

The judgment of the Superior Court of Maricopa County is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and HAYS, JJ., concur.