Bier, Exrx., et al., Appellants, v. City of New Philadelphia et al., Appellees.

[Cite as Bier v. New Philadelphia (1984), 11 Ohio St. 3d 134.]

(No. 83-1486—Decided June 13, 1984.)

Messrs. Space & O'Meara, Mr. Douglas J. O'Meara, Messrs. Connolly, Hillyer & McLane and Mr. William G. McLane, for appellants.

Messrs. Vogelgesang, Howes, Lindamood & Brunn, Mr. John B. Lindamood and Ms. Ellen Loth, for appellees.

*Per Curiam.* The court of appeals affirmed the grant of summary judgment in the present case stating in its opinion that it found "no support in this record for the plaintiffs-appellants' claim that the defendants-appellees' breach proximately caused plaintiff's [*sic*] unquestionable injury." The case of *Piqua* v. *Morris* (1918), 98 Ohio St. 42, is still the law in Ohio concerning torts which are the proximate cause of an act of God concurrent with the negligence of a defendant. In *Morris* the court stated in paragraph one of the syllabus:

"The proximate cause of a result is that which in a natural and continued sequence contributes to produce the result, without which it would not have happened. The fact that some other cause concurred with the negligence of a defendant in producing an injury, does not relieve him from liability unless it is shown such other cause would have produced the injury independently of defendant's negligence."

While it has long been the rule of law in Ohio that a defendant cannot be held liable for an act of God which causes injury to the plaintiff, it has also long been the rule of law that, "[i]f proper care and diligence [on a defendant's part] would have avoided the act, it is not excusable as the act of God." *Lodwicks & Kennedy* v. *Ohio Ins. Co.* (1832), 5 Ohio 433, 437. In the present case, it was the defendants' contention in their motion for summary judgment that the injuries sustained by the plaintiffs were the result of an act of God and, therefore, not chargeable to the alleged negligence of the defendants.

The plaintiffs attached an affidavit by Marvin M. Frydenlund to their memorandum in opposition to summary judgment. Frydenlund is an expert in the area of lightning protection and is the present managing director of the Lightning Protection Institute in Harvard, Illinois. In his affidavit Frydenland drew upon his experience and expertise to aver that outdoor shelters which are not protected by a lightning protection system are attractors to lightning strikes. He further noted that, "[t]he reasonably prudent individual * * * would be aware of the need for lightning protection systems to be installed on metal-roofed outdoor buildings that are used by the public to ensure the safety of the public."

Courts may not sustain a motion for summary judgment pursuant to Civ. R. 56(C), "* * * unless * * * reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Based on this standard the judgments of both lower courts are contrary to law. There is present in this case evidence on which reasonable minds could differ.

Pursuant to the decision of this court in *Morris*:

" '* * * [I]f the negligence of the defendant concurs with the other cause of the injury, in point of time and place, or otherwise so directly contributes to the plaintiff's damage that it is reasonably certain that the other cause alone would not have sufficed to produce it, the defendant is liable, notwithstanding he may not have anticipated or been bound to anticipate the interference of the superior force which, concurring with his own negligence, produced the damage.' " *Id.* at 49. See, also, *Majoros* v. *Cleveland Interurban RR. Co.* (1933), 127 Ohio St. 255, at paragraph two of the syllabus.

Therefore, in the instant case, the defendants could be found liable if a trier of fact were to find that the negligence of the defendants, in not installing a lightning protection system on the metal-roofed picnic shelter, is a concurrent cause of the plaintiffs' injuries. Such a conclusion does not seem unreasonable, in view of the affidavit of plaintiffs' expert, Frydenlund, submitted in opposition to the motion for summary judgment.

In view of the standard required by Civ. R. 56(C) to sustain a motion for summary judgment, a standard not applied by the lower courts, this court is compelled to reverse the judgment of the court of appeals and remand the cause to the trial court for further determination.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs separately.

HOLMES, J., concurring. In that governmental tort liability of municipalities has been abrogated by this court, I must accept the fact that an action claiming damages under the circumstances *sub judice* may be entertained. Upon a motion for summary judgment, in this type of case certain issues must be properly raised by the plaintiff as to the duty of the city under the facts of the case, the breach of such duty, the nexus of the breach to the claimed effect, and the injury sustained.

Here, the plaintiffs alleged that there was a duty imposed upon the city of New Philadelphia to install lightning rods or arrestors on the metal-roofed picnic shelter. As to this element, there was an affidavit of a qualified expert

submitted by the plaintiffs which stated that it is generally recognized that lightning protection devices placed upon such buildings significantly enhance public safety. Therefore, the issue of the municipality's duty was properly raised, and there was a showing that there was no such device. Further proof, however, would be required at trial to establish the standards for protection devices upon public shelters. There would, of course, also have to be proof of a breach of any such duty.

Whether the installation of any lightning protection device would have avoided, or lessened, the accident remains a matter of proof. Further, if it is shown that there was a duty, and a breach thereof, the defendants may introduce evidence to prove that the damages would have occurred in spite of any preventive measures taken. *Piqua* v. *Morris* (1918), 98 Ohio St. 42. All facets of the proximate cause issue remain for the trial upon the merits.

In the present case, plaintiffs have submitted affidavits to the effect that lightning struck the picnic shelter in question. The defendants submitted evidence that the lightning had not struck the shelter, but that only some damage to a roof support could be shown. Reasonable minds could clearly differ as to the cause of the accident.

Therefore, upon the stance of this matter before the court on a motion for summary judgment, I cannot state that reasonable minds could come to but one conclusion. Accordingly, I concur with the majority.