NATIONWIDE INSURANCE COMPANY et al.

v.

JORDAN.

Hamilton County Municipal Court.

No. 93 CV 31733.

Decided May 27, 1994.

*E. Ernie Ramos,* for plaintiffs Nationwide Insurance Company and Gary Luce.

*Steven C. Wilson,* for defendant Doretta Jordan.

TIMOTHY S. BLACK, Judge.

This civil action, which arises between adjoining landowners as a result of the falling of a mammoth maple tree, came on for trial to the court upon plaintiffs' claims sounding in trespass and negligence.

At the outset, it is helpful to establish the controlling principles of law as against which the facts as determined at trial shall be applied.

Although plaintiffs assert a claim for trespass giving rise to strict liability, that cause of action does not lie here. Instead, as the Ohio Supreme Court has held in the syllabus of *Jennings Buick, Inc. v. Cincinnati* (1978), 56 Ohio St.2d 459, 10 O.O.3d 545, 384 N.E.2d 303, at paragraph two of the syllabus: "Where the facts and the circumstances of the case do not establish that the activity or operation under consideration is an absolute nuisance, or trespass, the legal principles of strict liability * * * are not applicable." Thus, under Ohio law, a civil action for trespass may only be sustained upon proffer and proof of an absolute nuisance. *Id.;* see, also, *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 28 O.O. 369, 55 N.E.2d 724, at paragraphs two and three of the syllabus.

Here, because the maintenance of a tree on private property is not an absolute nuisance, plaintiffs may not proceed merely upon strict liability, but, instead, must prove negligence. Moreover, to recover upon a theory of negligence arising out of a tree's falling, the evidence must establish that the defendant had actual or constructive notice of a patent danger that the tree would fall. *Heckert v. Patrick* (1984), 15 Ohio St.3d 402, 405, 15 OBR 516, 518, 473 N.E.2d 1204, 1207–1208; see, also, *Brown v. Milwaukee Terminal Ry.* (1929), 199 Wis. 575, 589–590, 224 N.W. 748, 227 N.W. 385, 386.

With these threshold principles of law established, resolution of this case is eased considerably.

The defendant tree owner testified that she had no notice whatsoever that the tree was susceptible to falling. The tenant of defendant's property likewise testified that she had no notice of the tree's danger. The defendant's tree man testified that he worked on the property's trees every two years, and that the tree in question was not unsafe two years before it fell. The only person to testify to notice that the tree was rotten and likely to fall was the plaintiff. Had the plaintiff conveyed this knowledge to her neighboring landowner, the danger might well have been obviated, or, alternatively, the plaintiff's hands would be clean and the defendant would have been on notice and resultantly liable for the fall.

Ultimately, the critical inquiry becomes whether the defendant should have had constructive notice of the tree's propensity to fall. *Heckert v. Patrick, supra.*

Here, based on the evidence presented at trial, the court cannot assign constructive notice of the tree's dangerous condition to the defendant. The evidence simply does not sustain a finding that the tree's dangerous condition had existed for such a length of time that, by the exercise of ordinary care, the defendant ought to have discovered the danger and removed it before it damaged her neighbor's property. See *Brown v. Milwaukee Terminal Ry., supra;* see, also, *Taylor v. Cincinnati, supra.*

To the contrary, the tree man, the only expert witness to testify, clearly related that the tree was healthy two years before the fall and, in fact, was topped out as a precautionary measure. Moreover, the evidence reflected that the defendant had had a large tree removed entirely from the front yard when that tree began to show signs of dangerous decline.

■■ An owner of trees who has professionals attend to the safe maintenance of the trees every other year, such maintenance ranging from modest topping out to entire removal, is exercising ordinary care sufficient to avoid negligence, absent compelling notice of an obvious danger. *Heckert v. Patrick, supra;* see, also, *Hay v. Norwalk Lodge No. 730, B.P.O.E.* (1951), 92 Ohio App. 14, 49 O.O. 189, 109 N.E.2d 481. The evidence in the present case simply did not rise to such a level of culpability.[1]

Accordingly, based upon the evidence presented at trial, and for the several reasons set forth above, the court hereby finds that plaintiffs' complaint is not well taken, and judgment is hereby entered in defendant's favor, costs to be paid by the plaintiffs.

*So ordered.*

---

1. The evidence herein did reflect that the day that the tree fell was an exceedingly windy one, with gusts of forty to fifty miles per hour apparently precipitating the fall. While it might well be accurate to describe such abnormally high wind as an act of God, such a proposed defense would *not* have prevailed herein *if* the defendant had been found to have been negligent in maintaining the tree (upon proof of notice of its patent danger). This result emanates from the well-recognized rule that where two causes contribute to an injury, one cause of which is the *defendant's* negligence and the other cause of which arises out of actions for which the defendant is not responsible, *i.e.,* an act of God, the defendant is nonetheless liable if the damage would not have occurred but for his negligence. See, *e.g., Smith v. Bonner* (1922), 63 Mont. 571, 577–578, 208 P. 603, 606.