[Cite as *Wade v. Summit Behavioral Healthcare*, 2011-Ohio-3778.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN P. WADE

    Plaintiff

    v.

SUMMIT BEHAVIORAL HEALTHCARE

    Defendant

    Case No. 2010-12460-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## MEMORANDUM DECISION

{¶ 1} On December 7, 2010, plaintiff, Kevin P. Wade, filed this claim alleging that on October 25, 2010, at approximately 2:00 p.m., a tree fell onto his property pulling down power lines which snapped, shattering plaintiff's glass door and damaging plaintiff's gutter. The tree which caused plaintiff's property damage was growing on property owned by defendant, Summit Behavioral Healthcare.

{¶ 2} Plaintiff filed this complaint seeking to recover $1,000.00, his insurance coverage deductible for repair costs. The filing fee was paid.

{¶ 3} Plaintiff submitted photographic evidence depicting the tree which damaged his home along with photographs of the shattered glass door and the downed power lines. After review of the photographs, the trier of fact is not convinced the tree that fell upon plaintiff's property was dead or dying. The evidence presented is inconclusive to prove the tree limb in its state on October 25, 2010, presented a particular hazardous

condition.

{¶ 4} Defendant denied plaintiff's property damage was caused by any negligent act or omission on the part of its employees. Defendant asserted plaintiff's property was damaged as a result of a wind and hail storm as referenced in plaintiff's insurance claim forms. Defendant argued plaintiff's damage was attributable solely to an "Act of God" with no negligence involved. Defendant denied having any knowledge the tree presented a danger before the October 25, 2010 storm.

{¶ 5} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 6} In addition, "to recover upon a theory of negligence arising out of a tree's falling, the evidence must establish that the defendant had actual or constructive notice of a patent danger that the tree would fall. *Heckert v. Patrick* (1984), 15 Ohio St.3d 402, 405, 15 OBR 516, 518, 473 N.E.2d 1204, 1207-1208; see, also, *Brown v. Milwaukee Terminal Ry.* (1929), 199 Wis. 575, 589-590, 224 N.W. 748, 227 N.W. 385, 386." *Nationwide Ins. Co. v. Jordan* (1994), 64 Ohio Misc. 2d 30, 32, 639 N.E.2d 536.

{¶ 7} Defendant was charged with a duty to exercise ordinary care for the safety and protection of plaintiff's property which included maintaining its premises in a reasonably safe condition and warning of known concealed defects or correcting such defects. In the instant claim, defendant has insisted no duty owed to plaintiff was breached and plaintiff's injury was not caused by any defective condition. Defendant has asserted plaintiff's property damage was solely caused by an "Act of God."

{¶ 8} It is well-settled under Ohio law that if an "Act of God" is so unusual and overwhelming as to do damage by its own power, without reference to and independently of any negligence by defendant, there is no liability. *City of Piqua v. Morris* (1918), 98 Ohio St. 42, 49, 120 N.E. 300. The term "Act of God," in its legal significance, means irresistible disaster, the result of natural causes, such as earthquakes, violent storms, lightning and unprecedented floods. *Piqua* at 47-48.

{¶ 9} However, if proper care and diligence on the part of defendant would have avoided the act, it is not excusable as an "Act of God." *Bier v. City of New Philadelphia*

(1984), 11 Ohio St. 3d 134, 11 OBR 430, 464 N.E.2d 147.

{¶ 10} In *City of Piqua*, the court stated in paragraph one of the syllabus:

{¶ 11} "The proximate cause of a result is that which in a natural and continued sequence contributes to produce the result, without which it would not have happened. The fact that some other cause concurred with the negligence of a defendant in producing an injury, does not relieve him from liability unless it is shown such other cause would have produced the injury independently of defendant's negligence."

{¶ 12} Plaintiff has failed to produce sufficient evidence to establish defendant acted in a negligent manner or that defendant committed a breach of any duty owed to plaintiff. Therefore, the court concludes no liability shall attach to defendant for damage done by an "Act of God." *Wright v. Ohio Dep't of Natural Res.*, Ct. of Cl. No. 2003-11755-AD, 2004-Ohio-3581.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN P. WADE

    Plaintiff

    v.

SUMMIT BEHAVIORAL HEALTHCARE

    Defendant

    Case No. 2010-12460-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____<br>
DANIEL R. BORCHERT<br>
Deputy Clerk

Entry cc:

| | |
|---|---|
| Kevin P. Wade | Marc Baumgarten, Chief |
| 1402 Beaverton Avenue | Office of Legal Services |
| Cincinnati, Ohio  45237 | Ohio Department of Mental Health |
| | 30 East Broad Street, 8th Floor |
| | Columbus, Ohio  43266-0414 |

SJM/laa
3/24
Filed 4/13/11
Sent to S.C. reporter 7/29/11