[Cite as *Scott v. Great Seal State Park*, 2011-Ohio-7058.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRANDI SCOTT

    Plaintiff

    v.

GREAT SEAL STATE PARK

    Defendant

    Case No. 2011-09331-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶1} On July 11, 2011, plaintiff, Brandi Scott, filed this claim alleging that on May 23, 2011, at approximately 9:30 p.m., a tree fell onto her property damaging a fence and a strip of siding at the back of her house. The tree which caused plaintiff's property damage was growing on property owned by defendant, Great Seal State Park.

{¶2} Plaintiff filed this complaint seeking to recover $757.00, for repair costs. The filing fee was paid.

{¶3} Plaintiff submitted a copy of an incident report that states, "a dangerous thunderstorm with high winds went through Great Seal State Park causing tree damage through out the park. Some of the trees fell onto private property causing damage to residents properties namely chain link fence."

{¶4} Defendant denied plaintiff's property damage was caused by any negligent act or omission on the part of its employees. Defendant asserted plaintiff's property was damaged as a result of a wind and rain storm as referenced in plaintiff's complaint. Defendant argued plaintiff's damage was attributable solely to an "Act of God" with no negligence involved. Defendant submitted photographs depicting the tree in question

evidencing that the tree appears to have been healthy. Defendant denied having any knowledge the tree presented a danger before the May 23, 2011 storm.

{¶5} In order for plaintiff to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E. 2d 207.

{¶6} In addition, "to recover upon a theory of negligence arising out of a tree's falling, the evidence must establish that the defendant had actual or constructive notice of a patent danger that the tree would fall. *Heckert v. Patrick* (1984), 15 Ohio St.3d 402, 405, 15 OBR 516, 518, 473 N.E.2d 1204, 1207-1208; see, also, *Brown v. Milwaukee Terminal Ry.* (1929), 199 Wis. 575, 589-590, 224 N.W. 748, 227 N.W. 385, 386." *Nationwide Ins. Co. v. Jordan* (1994), 64 Ohio Misc. 2d 30, 32, 639 N.E.2d 536.

{¶7} Defendant was charged with a duty to exercise ordinary care for the safety and protection of plaintiff's property which included maintaining its premises in a reasonably safe condition and warning of known concealed defects or correcting such defects. In the instant claim, defendant has insisted no duty owed to plaintiff was breached and plaintiff's injury was not caused by any defective condition. Defendant has asserted plaintiff's property damage was solely caused by an "Act of God."

{¶8} It is well-settled under Ohio law that if an "Act of God" is so unusual and overwhelming as to do damage by its own power, without reference to and independently of any negligence by defendant, there is no liability. *City of Piqua v. Morris* (1918), 98 Ohio St. 42, 49, 120 N.E. 300. The term "Act of God," in its legal significance, means irresistible disaster, the result of natural causes, such as earthquakes, violent storms, lightning and unprecedented floods. *Piqua* at 47-48.

{¶9} However, if proper care and diligence on the part of defendant would have avoided the act, it is not excusable as an "Act of God." *Bier v. City of New Philadelphia* (1984), 11 Ohio St. 3d 134, 11 OBR 430, 464 N.E.2d 147.

{¶10} In *City of Piqua*, the court stated in paragraph one of the syllabus:

{¶11} "The proximate cause of a result is that which in a natural and continued sequence contributes to produce the result, without which it would not have happened.

The fact that some other cause concurred with the negligence of a defendant in producing an injury, does not relieve him from liability unless it is shown such other cause would have produced the injury independently of defendant's negligence."

{¶12}  After review of the photographs, the trier of fact is not convinced the tree that fell upon plaintiff's property was dead or dying.  In addition, plaintiff has failed to produce sufficient evidence to establish defendant acted in a negligent manner or that defendant committed a breach of any duty owed to plaintiff.  Therefore, the court concludes no liability shall attach to defendant for damage done by an "Act of God." *Wright v. Ohio Dep't of Natural Res.*, Ct. of Cl. No. 2003-11755-AD, 2004-Ohio-3581.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRANDI SCOTT

     Plaintiff

     v.

GREAT SEAL STATE PARK

     Defendant

     Case No. 2011-09331-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Brandi Scott
116 Reo Drive
Chillicothe, Ohio  45601

Charles G. Rowan
Deputy Chief Counsel
Department of Natural Resources
2045 Morse Road, D-3
Columbus, Ohio  43229-6693

SJM/laa
10/20
Filed 11/2/11

Sent to S.C. reporter 3/30/12