[Cite as *Motorists Mut. Ins. v. Flynn*, 2013-Ohio-1501.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, | : | Case No. 11CA28 |
| Plaintiff-Appellant, | : | |
| vs. | : | DECISION AND JUDGMENT ENTRY |
| KATHRYN M. FLYNN, | : | |
| Defendant-Appellee. | : | **RELEASED: 03/28/13** |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Steven J. Zeehandelar, 471 East Broad Street, Suite 1200,
                          Columbus, Ohio 43215

COUNSEL FOR APPELLEE:      Kevin R. Whitmer, 105 East Fourth Street, Suite 1400,
                          Cincinnati, Ohio 45202

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED:
MCFARLAND, P.J.

{¶1} This is an appeal from a Highland County Common Pleas Court summary judgment in favor of Kathryn M. Flynn, defendant below and appellee herein. The trial court determined that appellee is not liable for damages that resulted when a tree fell on neighboring property. We disagree and reverse the trial court's decision.

{¶2} Motorists Mutual Insurance Company, plaintiff below and appellant herein, assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT GRANTED
DEFENDANT-APPELLEE'S MOTION FOR SUMMARY
JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT ARE
IN DISPUTE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT FAILED TO
CONSTRUE THE EVIDENCE MOST STRONGLY IN FAVOR
OF PLAINTIFF-APPELLANT, THE NON-MOVING PARTY."

{¶3} On February 18, 2009, a tree situated on appellee's property fell onto her neighbor's (Anita O'Connor) property.  Appellant, O'Connor's insurer, subsequently filed a complaint against appellee and alleged that appellee was negligent for failing to have the tree removed.

{¶4} Subsequently, appellee requested summary judgment and asserted that appellant could not demonstrate that appellee had actual or constructive notice that the tree constituted a patent danger.  Appellee submitted an affidavit in which she stated that she "did not know, * * * nor * * * have any reason to know, that there was any defect or dangerous condition associated with the tree."  She further stated that "[a]t the time the tree fell, it appeared healthy and was green in color."  She also stated that no one had told her that the tree was "defective, rotten or otherwise dangerous."

{¶5} Appellant responded that genuine issues of material fact remained as to whether appellee knew, or should have known, that the tree posed a danger.  Appellant presented O'Connor's affidavit wherein she stated that she had spoken with appellee's relatives, who helped care for appellee's property, and "notified each of them on several occasions that the tree needed to come down."  Appellant then stated:

"It is difficult, if not impossible to believe that at least one of the
aforementioned relatives did not pass along Ms. O'Connor's concerns to the

Defendant. Whether or not such communications were discussed with Defendant constitute material questions of fact and should be left to be heard by the trier of fact."

Appellant further asserted that the photographs show the tree perilously close to O'Connor's property and in danger of falling. Appellant argues that the photographs of the leaning tree, at the very least, raise a genuine issue of material fact as to whether a reasonable person would have been placed on notice of the dangerous condition of the tree and would have taken steps to remove the danger it posed to appellant's residence.

{¶6} After considering the evidentiary materials, the trial court awarded appellee summary judgment. This appeal followed.

{¶7} Appellant's two assignments of error challenge the trial court's summary judgment. Because the same standard of review governs both assignments of error, we have combined them.

{¶8} In its first assignment of error, appellant asserts that genuine issues of material fact remain as to whether appellee had actual or constructive notice that the tree posed a danger of falling onto O'Connor's property. Appellant argues that the tree's "position and posture" indicated that the tree posed a patently dangerous hazard. Appellant claims that the photographs depict the tree as "over two-stories in height, with its trunk growing at an unusual angle out of the ground, and its highest point looming toward Ms. O'Connor's home" and, thus, establish that appellee had actual or constructive notice "of the patent defect with the tree." Appellant contends that even if the tree appeared green and healthy to appellee, "it was not going to defy gravity and * * * it was going to fall at some point in time." Appellant asserts that appellee "should have been on notice of this fact, or she should have had the tree inspected on its leaning posture." Appellant further argues, without citation to authority, that "[i]t is common knowledge that trees that lean with such intensity in urban areas are typically removed or replanted because there is a rational and

reasonable fear that they will fall."

{¶9} Additionally, appellant complains that the trial court improperly discredited

O'Connor's affidavit.  Appellant contends that O'Connor was competent to offer her opinion that

the tree posed a danger:

> "A reasonable person, based on lay-person's perceptions and knowledge of basic physics and gravity could determine that a tree, that is as massive as the one at issue herein and that is towering towards a neighbor's home, would likely fall, and that the landowner should have been well aware of this fact."

{¶10} In its second assignment of error, appellant argues that the trial court failed to

construe the evidence most strongly in its favor.  Appellant asserts that the trial court failed to

construe the photographic evidence of the leaning tree most strongly in her favor as the non-

moving party.


I

STANDARD OF REVIEW

{¶11} When appellate courts review trial court summary judgment decisions, the appellate

court conducts a de novo review.  E.g., Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 671

N.E.2d 241 (1996).  Accordingly, appellate courts must independently review the record to

determine whether summary judgment is appropriate and need not defer to the trial court.  Brown

v. Scioto Cty. Bd. of Commrs., 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (1993); Morehead v.

Conley, 75 Ohio App.3d 409, 411-412, 599 N.E.2d 786 (1991).  Thus, to determine whether a trial

court properly granted summary judgment, an appellate court must review the Civ.R. 56 standard

for granting a summary judgment motion, as well as the applicable law.  Civ.R. 56(C) provides:

> Summary judgment shall be rendered forthwith if the pleadings, depositions,

answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶12} Accordingly, courts may not grant summary judgment unless the evidentiary materials demonstrate that (1) no genuine issue as to any material fact remains to be litigated, (2) after construing the evidence most strongly in the nonmoving party's favor, reasonable minds can come to but one conclusion, which is adverse to the nonmoving party, and (3) the moving party is entitled to judgment as a matter of law. E.g., Vahila v. Hall, 77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164 (1997).

{¶13} In responding to a motion for summary judgment, a nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co., 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Rather, Civ.R. 56 requires a nonmoving party to respond with competent evidence to demonstrate the existence of a genuine issue of material fact. Civ.R. 56(E) provides:

> * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶14} Consequently, once a moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing Civ.R. 56(C) evidence, that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary

judgment if the nonmoving party does not respond, by affidavit or as otherwise, with specific facts to show that a genuine issue exists for trial. Dresher v. Burt, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); Jackson v. Alert Fire & Safety Equip., Inc., 58 Ohio St.3d 48, 52, 567 N.E.2d 1027 (1991). Additionally, when ruling on a summary judgment motion, a trial court may not weigh the evidence or choose among reasonable inferences. Dupler v. Mansfield Journal, 64 Ohio St.2d 116, 121, 413 N.E.2d 1187 (1980); Johnson v. Pohlman, 162 Ohio App.3d 240, 2005-Ohio-3554, 833 N.E.2d 313, ¶37.

{¶15} We further note that "simply because resolution of a question of law involves a consideration of the evidence does not mean that the question of law is converted into a question of fact or that a factual issue is raised." Ruta v. Breckenridge-Remy Co., 69 Ohio St.2d 66, 68, 430 N.E.2d 935 (1982). As stated in O'Day v. Webb, 29 Ohio St.2d 215, 219, 280 N.E.2d 896 (1972):

> "[A] review of the evidence is more often than not vital to the resolution of a question of law. But the fact that a question of law involves a consideration of the facts or the evidence does not turn it into a question of fact."

Accord Henley v. Youngstown Bd. Zoning Appeals, 90 Ohio St.3d 142, 148, 735 N.E.2d 433 (2000).

II

NEGLIGENCE

{¶16} A negligence action requires a plaintiff to establish that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the duty of care, and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. E.g., Texler v. D.O. Summers Cleaners, 81 Ohio St.3d 677, 680, 693 N.E.2d 217 (1998); Jeffers v. Olexo, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989); Menifee v. Ohio Welding Products, Inc., 15 Ohio St.3d 75,

472 N.E.2d 707 (1984). If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. See Feichtner v. Cleveland, 95 Ohio App.3d 388, 394, 642 N.E.2d 657 (1994); Keister v. Park Centre Lanes, 3 Ohio App.3d 19, 443 N.E.2d 532 (1981).

{¶17} "In order for a plaintiff to establish the duty element in a negligence action arising from a fallen tree, the evidence must establish that the landowner had actual or constructive notice of a patent danger that the tree would fall." Wertz v. Cooper, 4th Dist. No. 06CA3077, 2006-Ohio-6844, ¶12,[1] citing Heckert v. Patrick, 15 Ohio St.3d 402, 405, 473 N.E.2d 1204 (1984); Bertram v. Ohio Dept. of Transp., Court of Claims No.2002-7924-AD, 2003-Ohio-2608. If the landowner does not have actual or constructive notice of a tree's defective condition that may result in injury to others, the landowner will not be liable. Heckert, 15 Ohio St.3d at 405; Stevens v. Jeffrey Allen Corp., 131 Ohio App.3d 298, 302-303, 722 N.E.2d 533 (1997). The Heckert court explained a landowner's liability for a fallen tree as follows:

> "Generally, one may use his land as he sees fit, providing that his use does not invade the rights of others. In assessing the liability of a landowner for injuries to others, the law in this country, including Ohio, has in some respects viewed the passive use of one's land differently than an active use. A passive use includes the use and enjoyment of the natural growth on the land.
> Accordingly, the Restatement of the Law of Torts sets forth the general rule that '[n]either a possessor of land, nor a vendor, lessor, or other transferor, is liable for physical harm caused to others outside of the land by a natural condition of the land.' 2 Restatement of the Law 2d, Torts (1965) 258, Section 363(1). This is contrasted with the principle applied to structures or objects placed upon the property by owners which occasion an injury to others outside the land. Section 364 of the Restatement of Torts 2d, supra, at 259, states that a possessor of land is

---

[1] Because the case sub judice involves the same legal principles as Wertz, we have liberally quoted Wertz throughout the remainder of this opinion.

subject to liability to others outside the land for physical harm caused by a structure or artificial construction on the land which the possessor realizes or should realize will involve an unreasonable risk of harm.  A typical example of such artificial structure is a sign which overhangs a street or sidewalk that falls, thereby causing injuries to passing pedestrians.

See Annotation (1957), 55 A.L.R.2d 178, 190; 39 American Jurisprudence 2d (1968), Highways, Streets and Bridges, Section 453, and cases cited therein.

There is an exception to the general rule, however, concerning the duty of a property owner relating to the natural condition of and growth upon his land.  This exception relates to growing trees with limbs overhanging a public street or highway. The law encompassing this exception varies rather markedly throughout the United States.  However, it is generally stated that an owner of land abutting a highway may be held liable on negligence principles under certain circumstances for injuries or damages resulting from a tree or limb falling onto the highway from such property.  Hensley v. Montgomery Cty., 25 Md.App. 361, 334 A.2d 542 (1975); Carver v. Salt River Valley Water Users' Assn., 104 Ariz. 513, 456 P.2d 371 (1969); Albin v. Natl. Bank of Commerce, 60 Wash.2d 745, 375 P.2d 487 (1962); Lemon v. Edwards, 344 S.W.2d 822 (Ky.1961); and Hay v. Norwalk Lodge No. 730, B.P.O.E., 92 Ohio App. 14, 109 N.E.2d 481 [49 O.O. 189] (1951).

Section 363(2) of the Restatement of Torts 2d, supra, at 258, specifically provides that a possessor of land in an urban area is subject to liability to persons using a public highway for physical harm arising from the condition of trees near the highway.  The use of the term 'urban' in this section of the Restatement introduces yet a further variation in the application of the rules concerning a property owner's duty or responsibility. In addition, a caveat following Section 363(2) states that the drafters express no opinion as to whether the rule would apply to a possessor of land in a rural area.  Accordingly, there appears to have developed a distinction throughout the United States that there is a lesser standard of care with reference to rural, farm, timber, or little used land as opposed to strictly urban property.

In the main, the cases applying the distinction often state that the urban owner has a duty of reasonable care relative to the tree, including inspection to make sure that it is safe.  The duty placed upon the urban landowner, who has only a few trees, is not a heavy burden.  This is in contrast to the rural landowner who may have trees of forest dimensions which would impose a duty of immense proportions, and constitute an onerous burden.  Hensley, supra, 334 A.2d at 545.

The leading case in Ohio discussing the urban-rural distinction is Hay, supra.  In that case, the Court of Appeals for Huron County held as follows:

'Although there is no duty imposed upon the owner of property abutting a rural highway to inspect growing trees adjacent thereto or to ascertain defects which may result in injury to a traveler on the highway, an owner having knowledge, actual or constructive, of a patently defective condition of a tree which may result in injury to a traveler must exercise reasonable care to prevent harm to a person

lawfully using the highway from the falling of such tree or its branches.'  Id. at paragraph three of the syllabus.

It should be noted that where negligence revolves around the question of the existence of a hazard or defect, the legal principle prevails that notice, either actual or constructive, of such hazard or defect is a prerequisite to the duty of reasonable care.  See 54 Ohio Jurisprudence 3d (1984) 540, Highways and Streets, Section 416, and cases cited therein.  Furthermore, constructive notice may be imputed to the one sought to be held responsible if the hazard or defect complained of is deemed patent."

Id. at 403-405 (footnotes omitted).

{¶18} In Wertz, we relied upon the foregoing principles and determined that the plaintiff failed to establish that the defendant knew or should have known that the tree posed a danger.  In Wertz, the only evidence the plaintiff offered was her own opinion that the tree was dead or dying.  We concluded that the plaintiff's own opinion was not sufficient to demonstrate that the defendant had actual or constructive knowledge that the tree was dead or dying.  Id. at ¶13.  We observed that the plaintiff's allegation was conclusory and that she presented no evidence to support it.  Id. Moreover, photographs of the tree failed to show any evidence that the tree was rotten and there was no other visible conditions to give a reasonable person actual or constructive notice of the tree's defective condition.

{¶19} By contrast, in Levine v. Brown, 8th Dist. No. 92862, 2009-Ohio-5012, the court determined that the plaintiff demonstrated that the defendant should have known that the dead tree that fell on the plaintiff's property posed a danger.  In Levine, the plaintiff presented photographs that showed that the tree was dead and "riddled with termite holes, with no live branches, bark, or green leaves."  Id. at ¶25.  Moreover, the "plaintiff testified that the tree had been dead for at least a year, and that it was easily visible."  Id.

{¶20} In the case at bar, as in Levine, we believe that the photographs appellant presented showing the large tree significantly and unusually leaning over towards the direction of appellant's

house raises a genuine issue of material fact as to whether a reasonable person would have cause to believe the tree was dangerous and likely to cause harm to others. Unlike the plaintiff in <u>Wertz</u>, who presented photographic evidence of a healthy tree, appellant in the case sub judice presented several photographs showing the tree to be large and leaning significantly over to one side and directly towards appellant's residence. We believe the photographs raise a genuine issue of material fact as to whether such significant and unusual leaning would give a reasonable person actual or constructive notice that the tree was dangerous and likely to cause harm to others.

{¶21} Additionally, we accept appellant's complaint that the trial court failed to construe the photographs most strongly in appellant's favor. A court that is considering a summary judgment need not afford the non-moving party every inference to be drawn from the evidence, but only every reasonable inference. See <u>Colville v. Meijer Stores Ltd.</u>, 2nd Dist. No. 2011-CA-011, 2012-Ohio-2413, ¶37 "Undoubtedly, when considering a motion for summary judgment, the court must construe the evidence and pleadings 'most strongly' in that party's favor. Civ.R. 56(C). We agree with appellant that the photographs show a large tree leaning significantly and unusually towards appellant's house. Appellant is entitled to a reasonable inference from the photographs. The photographs of the leaning tree leads to a reasonable inference that a reasonable person knew or should have known that the tree posed a danger. The trial court erred when it failed to afford the appellant this reasonable inference.

{¶22} A summary judgment shall not be rendered unless it appears from the evidence that reasonable minds can come to but one conclusion in favor of the moving party. Here the photographic evidence of a leaning tree can lead reasonable minds to more than one conclusion: It can lead reasonable people to conclude that the leaning was significant enough to put a reasonable

person on notice that the tree posed a danger.

{¶23} Accordingly, based upon the foregoing reasons, we grant appellant's two assignments of error and hereby reverse the trial court's judgment and remand.

**JUDGMENT REVERSED AND REMANDED.**

Harsha, J., Concurring:

{¶24} As the dissent points out, Ms. Flynn had a duty to inspect her property and the evidence reveals she failed to do that. I conclude the photograph of the tree would allow a reasonable person to conclude that the angle of the tree and its proximity to an adjacent structure presented an unreasonable risk of harm to that structure. Whether a jury would ultimately reach such a conclusion after a trial is not the issue before us. Rather, our task is to look at the evidence in a light most favorable to Ms. Flynn and determine whether reasonable minds could differ on that issue on the basis of the photograph and Ms. O'Connor's affidavit. Because the summary judgment evidence produced by the appellant satisfies that test, I agree summary judgment was improper.

Abele, J., Dissenting:

{¶25} I respectfully dissent.

{¶26} The central issue in this case is whether the lean of a tree, with nothing more, should give a tree owner actual or constructive notice of the tree's defective condition. For the reasons set forth below, I disagree with the principal opinion in this case and believe that the tree's owner did not have actual or constructive notice of a defective condition and that the trial court correctly granted summary judgment in favor of the appellee.

{¶27} In the case sub judice, it is important to note that the only evidence submitted in support of summary judgment is a photograph that depicts a large tree leaning at an undetermined angle and for no discernable reasonable reason. The principal opinion cites Levine v. Brown, 8th Dist. No. 92862, 2009-Ohio-5012, for the proposition that the defendant should have known that a dead tree that fell on the plaintiff's property posed a danger. In Levine, the plaintiff submitted photographs that showed the dead tree "riddled with termite holes, with no live branches, bark, or green leaves." Id. at ¶25. Moreover, the "plaintiff testified that the tree had been dead for at least a year, and that it was easily visible." Id. The principal opinion then states that "the case at bar, as in Levine" shows a "significant and unusual" lean toward appellant's home and raises a genuine issue of material fact as to whether a reasonable person would have cause to believe the tree was dangerous and likely to cause harm to others. However, unlike the tree in the case sub judice, the photographs of the tree in Levine showed a dead tree riddled with termite holes, with no live branches, bark or green leaves. Additionally, in Levine the plaintiff testified that the tree had been dead for at least a year and that this fact was easily visible. Thus, it appears that the only common factor these two trees shared was a lean. No evidence was submitted in the case at bar to establish

that the tree at issue had any defect, including disease, termite holes, dead or fallen branches or trunk, holes, exposed roots, lack of bark, lack of leaves or needles or any fact other than the lean of the tree.

{¶28} Here, the appellee land owner is an elderly woman who, it is conceded, did not inspect her property, even though she had the duty to do so. Nevertheless, I believe that even if appellee had personally inspected the tree, the record contains no evidence to establish that appellee would have had either actual or constructive notice of a defective condition. Appellant asserts that the tree's lean constitutes a patent defect of which appellee had either actual or constructive notice. However, I do not believe that appellant presented any competent evidence to show that the lean actually constitutes a defect. Instead, appellant offers the assertion that the tree leaned "excessively," and thus was defective. The appellant may believe that the lean constitutes a defect, but many trees lean, at least some extent, and not every lean necessarily constitutes a patent defect. Here, the photographs do not indicate a partial uprooting or other defects that would create cause for immediate concern. Compare Levine (noting that photographs obviously showed a dead tree).

{¶29} Although appellant stated in her affidavit that the leaning tree presented an obvious danger of falling, I believe that her allegation is conclusory and self-serving. Wertz v. Cooper, 4th Dist. No. 06CA3077, 2006-Ohio-6844, Wertz at ¶13, citing Evans v. Jay Instrument & Specialty Co., 889 F.Supp. 302, 310 (S.D.Ohio 1995) ("bald self-serving and conclusory allegations are insufficient to withstand a motion for summary judgment"), cited in Means v. Cuyahoga Cty. Dept. of Justice Affairs, Cuyahoga App. No. 87303, 2006-Ohio-4123; accord McCartney v. Oblates of St. Francis deSales, 80 Ohio App.3d 345, 609 N.E.2d 216 (1992) (stating that a trial court ruling on a summary judgment motion is not required to accept conclusory allegations that

are devoid of any evidence to create an issue of material fact). Further, simply because appellant believed that the lean constituted a defect does not establish that appellee knew or should have known that the lean constituted a defect. Nationwide Ins. Co. v. Jordan, 64 Ohio Misc.2d 30, 32, 639 N.E.2d 536 (1994) (refusing to find the landowner had constructive notice of the tree's condition when the only person who testified that the tree was rotten and likely to fall was the plaintiff, and stating "[h]ad the plaintiff conveyed this knowledge to her neighboring landowner, the danger might well have been obviated, or, alternatively, the plaintiff's hands would be clean and the defendant would have been on notice and resultantly liable for the fall").

{¶30} If courts are to employ appellant's logic that appellee knew, or should have known, that the tree posed a danger because "it was going to fall at some point in time," courts would be required to impose liability on every landowner who has a tree on his or her property. Such a rule now seemingly requires prudent landowners to remove all trees near their property line regardless of the tree's health because all trees will fall at some point.

{¶31} Therefore, I agree with appellant that the photographs show a leaning tree, but I do not agree that this leads to the inescapable inference that a reasonable person would know or should know that the tree posed a danger. Appellant's inference drawn from the photographs is not reasonable. Rather, it is based upon appellant's speculation that because the tree leaned, it was in imminent danger of falling. Once again, nearly all trees lean to some extent. Here, appellant did not present any evidence regarding the extent of a tree lean that poses a danger. It is not enough for appellant to allege that because the tree leaned, appellee must have known that it was going to fall. Once again, to hold otherwise would be to impose liability on every landowner with a leaning tree.

{¶32} The standard the principal opinion appears to articulate is that a landowner will be deemed to have actual or constructive notice that a tree is dangerous and likely to cause harm if the tree's lean is "significant and unusual."  I fear, however, that this standard is as amorphous as the evidence appellant submitted in support of summary judgment.  As noted previously, all trees lean to a certain extent.  However, without additional evidence to describe the tree's condition and likelihood of falling, landowners must now assume that any leaning tree poses a hazard and must be removed because it is likely to fall sometime in the future (as all trees, straight or leaning, will eventually do).  This is tantamount to a strict liability standard.

{¶33} In short, I have no difficulty with the concept that a landowner must remove any tree that poses a danger.  The question, however, is when does a specific tree constitute a danger.  I believe that a photograph of an apparently heathy, but leaning, tree, without any additional evidence, is not sufficient to meet the movant's burden in a summary judgment proceeding.  I believe that other evidence relating to the tree's health or concerning the angle element of the lean should be required.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.

Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County

Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules

of Appellate Procedure.

Harsha, J: Concurs with Concurring Opinion.
Abele, J:  Dissents with Dissenting Opinion.


                                                    For the Court,

                                        BY:      _____
                                        Matthew W. McFarland
                                              Presiding Judge


## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the
time period for further appeal commences from the date of filing with the clerk.